UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

IME WATCHDOG, INC.

Plaintiff,

v.

JEFF BEIBEN, MARK PURIFICATI, FARI GUTIERREZ,

CHRISTIAN HOGARTH, TIFFANY URIBE, DAVID SEGOVIA,

and DIRECT IME SERVICES LLC,

Defendants.

Case No. 1:25-cv-10218 (VSB)

INDIVIDUAL DEFENDANTS' NOTICE OF MOTION TO DISMISS

AND MEMORANDUM OF LAW IN SUPPORT

PLEASE TAKE NOTICE that Defendants Jeff Beiben, Mark Purificati, Fari Gutierrez, Christian Hogarth, Tiffany Uribe, and David Segovia (collectively, the "Individual Defendants"), appearing pro se, hereby move this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), for an order dismissing the Complaint as to the Individual Defendants in its entirety for failure to state a claim upon which relief can be granted.

At minimum, the Individual Defendants seek dismissal of: (1) the Second Cause of Action for "Injunctive Relief" (injunctive relief is a remedy, not an independent cause of action); and (2) the

Sixth Cause of Action for "Civil Conspiracy" (New York does not recognize civil conspiracy as a standalone tort).

Direct IME Services LLC does not join this pro se motion because an LLC generally must appear through licensed counsel, and the Individual Defendants do not and cannot represent the LLC.

Dated: December 22, 2025

New York, New York

/s/ Mark Purificati*    Mark Purificati (pro se)

/s/ Jeff Beiben*    Jeff Beiben (pro se)

/s/ Fari Gutierrez*    Fari Gutierrez (pro se)

/s/ Christian Hogarth*  Christian Hogarth (pro se)

/s/ Tiffany Uribe*    Tiffany Uribe (pro se)

/s/ David Segovia*    David Segovia (pro se)

*Each signatory authorizes the use of the "/s/" signature for ECF filing purposes.

**MEMORANDUM OF LAW IN SUPPORT OF INDIVIDUAL DEFENDANTS' MOTION TO DISMISS**

**PRELIMINARY STATEMENT**

Plaintiff's Complaint is discovery-first pleading: it offers sweeping narrative and collective accusations, but no defendant-specific facts showing that any Individual Defendant ever received, used, or disclosed any identified trade secret. Plaintiff does not plead a single individualized transmission -- no email, no text message, no attachment, no file transfer, and no identified document -- linking any Individual Defendant to any alleged IME WatchDog trade secret. Instead, Plaintiff asks this Court to authorize invasive forensic examination of personal devices and accounts "to determine the exact nature and extent" of alleged misappropriation. (Compl. ¶ 92.) Rule 8 and Twombly/Iqbal do not permit a plaintiff to file suit and then use invasive discovery to search for the missing facts that should have been pleaded at the outset. This SDNY action follows years of related EDNY litigation and subpoena practice directed at these same individuals, including third-party subpoenas beginning in 2023 and continuing into 2025. Despite that history and access, Plaintiff still pleads no individualized trade-secret transmission to any Individual Defendant and instead seeks invasive forensic discovery to "determine the exact nature and extent" of alleged misappropriation. (Compl. ¶ 92.) This posture appears to be an escalation of prior EDNY efforts and an attempt to use extraordinary discovery burdens as leverage in place of pleading defendant-specific facts. The Court may take judicial notice of the EDNY docket entries and orders referenced here as public records. See Staehr v. Hartford Fin. Servs. Grp., Inc., 547 F.3d 406, 425 (2d Cir. 2008); Kramer v. Time Warner Inc., 937 F.2d 767, 774 (2d Cir. 1991).

Plaintiff's "collective scheme" narrative is also implausible given how disconnected the Individual Defendants are from one another as pleaded. By way of concrete example, the Complaint pleads no facts showing that any Individual Defendant acted in concert with any other defendant or non-party, or engaged in any relationship, communications, or coordination relevant to the alleged misappropriation. Plaintiff's Complaint pleads no facts bridging these gaps. Instead it relies on conclusory group allegations and seeks forensic imaging to build a case after filing. That is not plausibility; it is speculation dressed up as litigation.

For these reasons, the Complaint should be dismissed as to the Individual Defendants in its entirety. At minimum, the Court should dismiss the standalone "Injunctive Relief" count (a remedy, not a claim) and the "Civil Conspiracy" count (not recognized as an independent tort under New York law).

**STATEMENT OF ALLEGATIONS (AS PLEADED)**

Plaintiff describes alleged "trade secrets" in broad, categorical terms (e.g., customer lists, preferences, pricing, templates, marketing strategies, and other business/financial information). Plaintiff then pleads that "Defendants" collectively engaged in wrongdoing, but does not identify any specific instance in which any Individual Defendant acquired any identified trade secret by improper means or used/disclosed any identified trade secret with the requisite knowledge. Plaintiff's requested relief includes forensic inspection of devices and accounts "to determine the exact nature and extent" of alleged misappropriation. (Compl. 92.) That allegation is not incidental -- it is an admission that Plaintiff lacks the defendant-specific facts required to plead plausible misappropriation.

**LEGAL STANDARD**

Under Rule 12(b)(6), a complaint must plead sufficient factual matter to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible only when the complaint pleads factual content that allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

The Court must accept well-pleaded factual allegations as true, but it is "not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678-79.

Rule 8 requires defendant-specific factual allegations. Where a complaint relies on collective allegations against "Defendants" and fails to plead what each individual defendant allegedly did, when, and by what concrete acts, dismissal is appropriate. See, e.g., Atuahene v. City of Hartford, 10 F. App'x 33, 34 (2d Cir. 2001) (affirming dismissal where complaint "lump[ed] all the defendants together in each claim and provid[ed] no factual basis to distinguish their conduct").

On a motion to dismiss, the Court's role is to determine whether Plaintiff has pleaded a claim -- not whether Plaintiff may obtain discovery to search for one. Where a complaint's own allegations show that Plaintiff seeks invasive discovery to determine the "exact nature and extent" of purported wrongdoing, that confirms the absence of pleaded facts and underscores why dismissal (or, at minimum, narrowing) is warranted.

**ARGUMENT**

## I. THE DTSA CLAIM FAILS AS TO THE INDIVIDUAL DEFENDANTS

A DTSA claim requires plausible allegations that: (1) Plaintiff possessed a protectable "trade secret" within the meaning of 18 U.S.C. § 1839(3); and (2) each defendant "misappropriated" that trade secret within the meaning of 18 U.S.C. § 1839(5) (acquisition by improper means, or disclosure/use with the requisite knowledge). The Complaint fails as to these Individual Defendants on both elements. Plaintiff must plead facts showing that the alleged information was subject to reasonable measures to keep it secret and derives independent economic value from not being generally known, and must plead defendant-specific facts showing improper acquisition or knowing use/disclosure.

### A. PLAINTIFF DOES NOT IDENTIFY TRADE SECRETS WITH REASONABLE SPECIFICITY.

Plaintiff's alleged "trade secrets" are pleaded as broad subject-matter categories -- essentially "how we run our business." Courts dismiss trade secret claims where the alleged secret is described only at that level of generality. See, e.g., Elsevier Inc. v. Doctor Evidence, LLC, No. 17-CV-5540 (KBF), 2018 WL 557906, at *4-5 (S.D.N.Y. Jan. 23, 2018); Big Vision Private Ltd. v. E.I. du Pont de Nemours & Co., 610 F. App'x 69, 70-71 (2d Cir. 2015).

Plaintiff also does not plead facts showing that these broad categories are not generally known or readily ascertainable within the IME observer/coordination industry, which includes numerous competing service providers using common templates, pricing approaches, marketing methods, and customer-outreach practices. Plaintiff does not allege what makes its information uniquely secret as opposed to widely used industry know-how. That omission further confirms that Plaintiff has not pleaded a protectable trade secret under 18 U.S.C. § 1839(3).

**B. PLAINTIFF PLEADS NO MISAPPROPRIATION BY ANY INDIVIDUAL DEFENDANT.**

Misappropriation requires defendant-specific facts tying each defendant to acquisition by improper means, or disclosure/use with the requisite knowledge. 18 U.S.C. § 1839(5). Here, Plaintiff identifies no defendant-specific transmission, no instance of access to Plaintiff's systems, and no concrete use of any identified WatchDog trade secret by any Individual Defendant. Instead, the Complaint relies on collective allegations against "Defendants" and admits Plaintiff needs forensics "to determine the exact nature and extent" of alleged misconduct. (Compl. 92.) That admission underscores the pleading failure: Plaintiff is seeking discovery to find a claim rather than pleading facts that state one.

**II. THE STATE-LAW MISAPPROPRIATION / UNFAIR COMPETITION CLAIMS FAIL FOR THE SAME REASONS**

Plaintiff's New York misappropriation and unfair competition claims rest on the same generalized "trade secret" categories and the same absence of defendant-specific facts. For the same reasons the DTSA claim fails -- no reasonably particularized trade secret and no individualized allegations of acquisition/use/disclosure by these Individual Defendants -- these state-law claims fail as to the Individual Defendants.

**III. UNJUST ENRICHMENT IS NOT PLAUSIBLY PLEADED AND IS DUPLICATIVE**

Unjust enrichment requires a direct benefit conferred by Plaintiff and equity requiring restitution. Plaintiff pleads no direct benefit conferred by IME WatchDog on any Individual Defendant; the claim merely repackages the misappropriation theory and is duplicative.

## IV. THE STANDALONE "INJUNCTIVE RELIEF" COUNT MUST BE DISMISSED

Injunctive relief is a remedy, not a standalone claim. Catalano v. BMW of N. Am., LLC, 167 F. Supp. 3d 540, 563 (S.D.N.Y. 2016) (dismissing claim for injunctive relief because an injunction is a remedy, not a cause of action).

## V. THE "CIVIL CONSPIRACY" CLAIM MUST BE DISMISSED

New York does not recognize civil conspiracy as an independent tort. Kirch v. Liberty Media Corp., 449 F.3d 388, 401 (2d Cir. 2006). The Sixth Cause of Action should be dismissed.

## VI. THE CONVERSION CLAIM IS NOT PLAUSIBLY PLEADED

Plaintiff's conversion claim is duplicative of its trade-secret theory and does not identify any specific, discrete property allegedly converted by each Individual Defendant, or facts showing deprivation. SDNY courts have held that "pure copying of electronic files without more" does not state a conversion claim. Fischkoff v. Iovance Biotherapeutics, Inc., 339 F. Supp. 3d 408, 414-15 (S.D.N.Y. 2018). Conversion requires a specific, identifiable item of property and wrongful dominion; Plaintiff pleads neither as to any individual.

## CONCLUSION

After years of related litigation and repeated subpoena practice directed at these same individuals, Plaintiff still pleads no defendant-specific trade secret transmission -- no email, no text message, no attachment, and no file transfer -- linking any of the Individual Defendants to any alleged trade secret. Instead, Plaintiff asks this Court to authorize invasive forensic imaging

of personal devices and accounts "to determine the exact nature and extent" of alleged misappropriation. (Compl. 92.) That is discovery-first pleading and fails under Rule 8 and Twombly/Iqbal.

Accordingly, the Individual Defendants respectfully request that the Court:

    1. Dismiss the Complaint as to the Individual Defendants in its entirety pursuant to Rule 12(b)(6); or, in the alternative,

    2. Dismiss at minimum the Second Cause of Action ("Injunctive Relief") and the Sixth Cause of Action ("Civil Conspiracy"), and require any amended pleading to allege defendant-specific facts identifying (i) the particular trade secrets at issue and (ii) what each Individual Defendant allegedly did to acquire, use, or disclose any such trade secret; and

    3. In any event, make clear that Plaintiff may not use invasive forensic discovery -- including imaging or inspection of personal devices and accounts -- as a substitute for pleading concrete, defendant-specific facts, and that any request for forensic examination requires a concrete predicate and a proportionality showing.

The Individual Defendants respectfully request such other and further relief as the Court deems just and proper.