December 22, 2025
**VIA ECF**

RECEIVED
25 DEC 22 PM 4:38
U.S. COURT OF APPEALS
SECOND CIRCUIT
NIGHT DEPOSITORY

**Hon. Vernon S. Broderick**
**United States District Judge**
**Southern District of New York**
**40 Foley Square, Courtroom 518**
**New York, NY 10007**

Re: **IME WatchDog, Inc. v. Beiben, et al., No. 1:25-cv-10218 (VSB)**

**Individual Defendants' Letter-Motion for Protective Order Staying Forensic Discovery Pending Motion to Dismiss**

Dear Judge Broderick:

Pursuant to Fed. R. Civ. P. 26(c), Defendants Jeff Beiben, Mark Purificati, Fari Gutierrez, Christian Hogarth, Tiffany Uribe, and David Segovia (collectively, the "Individual Defendants"), appearing pro se, respectfully move for a protective order staying Plaintiff's requested forensic discovery and related discovery activity pending resolution of the Individual Defendants' Rule 12(b)(6) motion to dismiss (the "Motion to Dismiss"). This request is narrow and time-limited: Defendants seek to stay (i) any forensic imaging/inspection of personal devices and accounts, (ii) depositions, and (iii) third-party subpoenas and discovery that depends on forensic protocols, until the pleadings are tested. In the alternative, if the Court concludes a broader stay is appropriate, Defendants request a stay of all discovery and discovery-related obligations pending the Motion to Dismiss.

## PROCEDURAL COMPLIANCE / RULE 37(a)(1) / JOINT LETTER PROCESS

Defendants understand and respect the Court's procedures for discovery disputes, including the requirement that discovery disputes generally be presented in a single joint letter and that, if an opposing party refuses to participate within 72 hours, a party may submit a letter and attach correspondence reflecting its efforts. Defendants requested a Rule 37 meet-and-confer and proposed a joint submission addressing Plaintiff's demand for forensic inspection before the Motion to Dismiss is decided. A copy of that correspondence is attached as Exhibit A. Because the harm from compelled forensic inspection is immediate and cannot be undone after devices/accounts are imaged, Defendants respectfully request interim relief now, pending the meet-and-confer and the Court's ruling on the Motion to Dismiss.

## THE DISCOVERY AT ISSUE IS EXTRAORDINARY: PLAINTIFF SEEKS FORENSICS TO "DETERMINE" WHETHER FACTS EXIST

This is not a dispute about routine document requests. Plaintiff seeks the most intrusive discovery available—forensic examination of personal email accounts, computers, cellular phones, and cloud storage—so that it can "determine the exact nature and extent" of the alleged misappropriation. (Compl. 92.) That is discovery-first pleading. Once imaging/inspection occurs, the privacy invasion and exposure of irrelevant personal information cannot be fully remedied even if claims are dismissed or substantially narrowed.

Courts in this District recognize that forensic examinations are an extraordinary remedy and generally require a concrete predicate (such as evidence of spoliation, tampering, or discovery misconduct) and a showing that less intrusive discovery is inadequate. See, e.g., Liederbach v. NYU Langone Hosps., No. 24-CV-00742 (JAV), 2025 WL 1952440 (S.D.N.Y. July 16, 2025). Here, Plaintiff identifies no individualized transmission to any Individual Defendant—no email, no text message, no attachment, no file transfer—and instead asks for forensics to find out whether a claim exists. Rule 8 and Rule 26 do not permit that approach.

In addition, Plaintiff's asserted "trade secret" categories are pleaded at an industry-wide level of generality—i.e., "how the business operates"—without factual allegations showing the information is uniquely secret rather than widely known or readily ascertainable within the IME observer/coordination market, which includes numerous competing service providers. That context underscores why forensic imaging is not an appropriate starting point and why Plaintiff should not be permitted to use intrusive forensics to discover whether any actionable facts exist.

## GOOD CAUSE EXISTS TO STAY FORENSIC DISCOVERY PENDING THE MOTION TO DISMISS

A motion to dismiss does not automatically stay discovery, but upon a showing of good cause this Court has considerable discretion to stay discovery or enter a protective order under Rule 26(c). See Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd., 297 F.R.D. 69, 72 (S.D.N.Y. 2013). Courts commonly consider: (1) whether the moving party has made a strong showing that the complaint is deficient; (2) the breadth and burden of the discovery sought; and (3) the risk of unfair prejudice to the non-moving party. Id.

## THE EDNY HISTORY SHOWS YEARS OF SUBPOENA PRESSURE AND FORENSIC ACTIVITY; PLAINTIFF STILL PLEADS NO TRANSMISSION

This SDNY action follows nearly four years of related EDNY litigation, including repeated third-party subpoenas to these same individuals beginning in 2023 and continuing into 2025, and extensive forensic activity in the related matter. Yet the SDNY Complaint still does not plead a single individualized trade-secret transmission to any

Individual Defendant - no email, no text message, no attachment, no file transfer, and no identified document. Instead, Plaintiff seeks invasive device forensics to "determine the exact nature and extent" of alleged misappropriation. (Compl. 92.) This sequencing strongly suggests an escalation of prior EDNY efforts and an attempt to use extraordinary discovery burdens as leverage in lieu of pleading concrete, defendant-specific facts.

### PROPORTIONALITY AND HARDSHIP: FORMER OR PART-TIME IME WORKERS WITH UNRELATED FULL-TIME CAREERS

The Individual Defendants are natural persons with limited resources who will suffer disproportionate burden and irreparable privacy harm if forensic discovery proceeds before the pleadings are tested. By contrast, Plaintiff faces no comparable prejudice from a short, targeted pause, particularly given the multi-year EDNY history described above. The Individual Defendants' current circumstances underscore the lack of urgency and the disproportionality of compelled forensics:

- Jeff Beiben– employed full-time outside the IME observer industry.
- Christian Hogarth– operates a digital marketing business; any IME work is part-time and intermittent.
- Tiffany Uribe– employed full-time as a pediatric speech therapist; any IME work is part-time.
- David Segovia– operates an events/wedding business; any IME work is part-time during slow periods.
- Mark Purificati– owns other small businesses and IME-related work is only a small part of his overall work.

### PRESERVATION AND LACK OF PREJUDICE

Defendants are preserving potentially relevant devices and accounts, will maintain litigation holds, and will meet and confer promptly regarding reasonable ESI preservation steps while the Motion to Dismiss is pending. Plaintiff cannot show unfair prejudice from a limited stay: Plaintiff has already litigated related issues for years, and a short pause to allow the Court to test the pleadings will avoid making discovery itself the litigation and will conserve party and judicial resources.

### REQUESTED RELIEF

For the reasons above, the Individual Defendants respectfully request that the Court enter a protective order:

1. Staying any forensic imaging/inspection of personal devices and accounts (including email, computers, cellular phones, and cloud storage), and any discovery protocols dependent on such forensic access, pending resolution of the Motion to Dismiss;

2. Staying depositions and third-party subpoenas pending resolution of the Motion to Dismiss;
3. In the alternative, staying all discovery and discovery-related obligations pending resolution of the Motion to Dismiss; and
4. Directing the parties to confer promptly regarding reasonable preservation measures during the pendency of the Motion to Dismiss.

Direct IME Services LLC does not join this pro se submission because an LLC generally must appear through licensed counsel. The Individual Defendants do not and cannot represent the LLC.

The Individual Defendants respectfully request that the Court decide this letter-motion on the papers.

**DISCLOSURE REGARDING USE OF GENERATIVE AI**

Defendants disclose that they used a generative artificial intelligence tool (ChatGPT) to assist in drafting portions of this letter-motion. Defendants have independently reviewed and verified the accuracy of the entire submission, including all citations, quotations, and legal authority, and certify that this filing complies with Defendants' Rule 11 obligations.

Dated: December 22, 2025
New York, New York

/s/ Mark Purificati*    Mark Purificati (pro se)
/s/ Jeff Beiben*        Jeff Beiben (pro se)
/s/ Fari Gutierrez*     Fari Gutierrez (pro se)
/s/ Christian Hogarth*  Christian Hogarth (pro se)
/s/ Tiffany Uribe*      Tiffany Uribe (pro se)
/s/ David Segovia*      David Segovia (pro se)
*Each signatory authorizes the use of the "/s/" signature for ECF filing purposes.

## CERTIFICATE OF SERVICE

I certify that on December 22, 2025, I served a true and correct copy of the foregoing Motion to Dismiss and Letter Motion to Stay Discovery upon counsel for Plaintiff, IME WatchDog, Inc., by depositing the same in the United States mail, first-class postage prepaid, addressed as follows:

Emanuel Kataev, Esq.
SAGE LEGAL LLC
18211 Jamaica Avenue
Jamaica, NY 11442-1073

Jamie S. Felsen, Esq.
MILMAN LABUDA LAW GROUP PLLC
3000 Marcus Ave., Suite 3W8
Lake Success, NY 11042

I declare under penalty of perjury that the foregoing is true and correct.
Dated: December 22, 2025
New York, New York
/s/ Mark Purificati
Mark Purificati, pro se
Defendant

To: Hon. Vernon S. Broderick
United States District Judge
Southern District of New York
40 Foley Square, Courtroom 518
New York, NY, 10007



From:
Mark Purificati
50-19 104th St
Corona, NY, 11368.