## UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

**IME WATCHDOG, INC.**, Plaintiff,

v.

**JEFF BEIBEN, MARK PURIFICATI, FARI GUTIERREZ, CHRISTIAN HOGARTH, TIFFANY URIBE, DAVID SEGOVIA, and DIRECT IME SERVICES LLC**, Defendants.

### Case No. 25-CV-10218 (VSB)

January 23, 2026

Hon. Vernon S. Broderick

United States District Judge

United States District Court, S.D.N.Y.

500 Pearl Street

New York, NY 10007

**Re: IME WatchDog, Inc. v. Beiben, et al., 25-CV-10218 (VSB) — Letter-Motion for Leave to File Supplemental Memorandum on the DTSA Statute of Limitations (Ex. A Attached; Proposed Order Attached as Ex. B; No Schedule Change Requested)**

Dear Judge Broderick:

The Individual Defendants (Jeff Beiben, Mark Purificati, Fari Gutierrez, Christian Hogarth, Tiffany Uribe, and David Segovia), appearing pro se, respectfully move for leave to file the attached proposed **Supplemental Memorandum of Law** (Ex. A) in further support of their pending Motion to Dismiss. The proposed supplemental memorandum is limited solely to a statute-of-limitations defense to Plaintiff's claims under the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836 (First and Second Causes of Action in the Complaint, Doc. 1). Exhibit A relies solely on the allegations in the Complaint and legal authority; Defendants submit no new evidence and request no discovery.

**1. No modification of the existing briefing schedule is requested.** The Court's January 13, 2026 Order sets Plaintiff's opposition deadline as February 2, 2026 and the Individual Defendants' reply deadline as February 16, 2026. The Individual Defendants do not seek any change to those dates.

**2. Good cause and procedural fairness.** The Individual Defendants filed their Motion to Dismiss pro se. While preparing under the Court's existing schedule, the Individual Defendants identified a potentially dispositive limitations issue that appears on the face of the pleadings. Plaintiff's Complaint alleges that: (i) on or about January 28, 2022 Plaintiff received a message prompting a meeting regarding the decline in its revenues; and (ii) on February 2, 2022 Plaintiff met with that individual and was presented with "compelling documentary evidence" concerning the alleged theft and sale of Plaintiff's information. (Compl. ¶¶ 68–70.) Plaintiff commenced this action on December 10, 2025. (Compl. caption.) The DTSA provides a three-year limitations period running from discovery (or when misappropriation should have been discovered), and further provides that "a continuing misappropriation constitutes a single claim of misappropriation." 18 U.S.C. § 1836(d).

Because the statute-of-limitations defense was not included in the initial pro se motion papers, the Individual Defendants respectfully seek leave to brief it now in a procedurally proper manner, so that Plaintiff may address it in its opposition due February 2, 2026, and so the Court is not presented with a new dispositive argument for the first time in a reply. Granting this limited request will promote efficiency and could materially narrow (or resolve) the DTSA claims without any additional discovery or factual development.

**3. Exhibits and requested relief.** For the Court's convenience, Defendants attach as Exhibit A a proposed Supplemental Memorandum (five pages) limited solely to the DTSA statute-of-limitations issue. Defendants respectfully request that, if leave is granted, the Court deem Exhibit A filed as the supplemental memorandum (or direct the Clerk to docket Exhibit A as the supplemental memorandum) without altering the existing briefing schedule. Given Plaintiff's February 2, 2026 opposition deadline, Defendants respectfully request that the Court decide this request as soon as practicable.

For the foregoing reasons, the Individual Defendants respectfully request that the Court grant leave. This request is made without waiver of any defenses.

Respectfully submitted,

/s/ Mark Purificati (pro se) — 50-19 104th Street, Corona, NY 11368 — Phone: 929-575-1579 — Email: markpurificati@yahoo.com

/s/ Fari Gutierrez (pro se) — 81-17 102nd Avenue, Apt. 1, Ozone Park, NY 11416 — Phone: 929-206-7159 — Email: fgten03@yahoo.com

/s/ Tiffany Uribe (pro se) — 50-19 104th Street, Corona, NY 11368 — Phone: 646-238-6888 — Email: tiffanyuribe@hotmail.com

/s/ Jeff Beiben (pro se) — 58-26 83rd Place, Middle Village, NY 11379 — Phone: 845-304-3679 — Email: Jeffelant@aol.com

/s/ Christian Hogarth (pro se) — 79-01 4th Ave., Apt. F3, Brooklyn, NY 11209 — Phone: 917-951-8754 — Email: christianhogarth@yahoo.com

/s/ David Segovia (pro se) — 85-21 Lefferts Blvd., Apt. D5, Kew Gardens, NY 11415 — Phone: 347-393-5988— Email: segoviadave@me.com

EXHIBIT A

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

**IME WATCHDOG, INC.**,                                Case No. 25-CV-10218
                                                                                    (VSB)
Plaintiff,

v.

**JEFF BEIBEN, MARK PURIFICATI, FARI GUTIERREZ,
CHRISTIAN HOGARTH, TIFFANY URIBE, DAVID SEGOVIA,**
and **DIRECT IME SERVICES LLC**,
Defendants.

### PROPOSED SUPPLEMENTAL MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE INDIVIDUAL DEFENDANTS' MOTION TO DISMISS

(Statute of Limitations as to Plaintiff's DTSA Claims)

**PRELIMINARY STATEMENT**

The Individual Defendants respectfully submit this proposed supplemental memorandum of law, limited solely to a statute-of-limitations defense to Plaintiff's claims under the Defend Trade Secrets Act of 2016 (the "DTSA"), 18 U.S.C. § 1836 (First Cause of Action), and Plaintiff's derivative DTSA count seeking "Injunctive Relief" (Second Cause of Action).

The issue is straightforward and dispositive as pleaded. Plaintiff alleges that, on February 2, 2022, Plaintiff's principal met with an employee of Companions and was presented with "compelling documentary evidence" that Plaintiff's former principal, Rosenblatt, had been selling Plaintiff's customer-related and confidential financial information to Companions "since in or about June or July of 2016." (Compl. ¶¶ 68-70.) Those allegations are a direct admission that Plaintiff discovered the alleged misappropriation by February 2, 2022 at the latest. Yet Plaintiff did not commence this federal DTSA action until December 10, 2025. (Compl. caption.)

The DTSA imposes a strict three-year limitations period running from discovery (or when discovery should have occurred), and it further provides that a "continuing misappropriation constitutes a single claim." 18 U.S.C. § 1836(d). Because the operative discovery date Plaintiff pleads is more than three years before the filing of this case, Plaintiff's DTSA claims are time-barred on the face of the Complaint and should be dismissed with prejudice.

**STATEMENT OF RELEVANT ALLEGATIONS**

For purposes of this limited limitations issue, the Court may look to Plaintiff's own allegations concerning (i) what information Plaintiff claims is protected as a trade secret; (ii) when

1

Plaintiff claims it discovered the alleged misappropriation; and (iii) when Plaintiff commenced this DTSA action.

Plaintiff alleges that the purported "trade secret" and "confidential information" include customer identity and contact information, details about customers (including preferences and pricing), confidential financial information, and Plaintiff's forms and checklists used in IME work. (See, e.g., Compl. ¶¶ 64-66, 95.) Plaintiff alleges that it restricted access to its database and information to a small number of insiders and that the information derives independent economic value from not being generally known. (Compl. ¶¶ 63-66.)

Plaintiff then pleads a concrete discovery timeline. It alleges that on or about January 28, 2022 it received a text message from an unknown number prompting a meeting regarding the decline in Plaintiff's revenues. (Compl. ¶ 68.) Plaintiff further alleges that on February 2, 2022 it met with the sender, who identified himself as Carlos Roa, an employee of Companions. (Compl. ¶ 69.) Plaintiff alleges that during that meeting it was presented with "compelling documentary evidence" that Rosenblatt had been selling Plaintiff's customer-related and confidential financial information to Companions since in or about June or July 2016. (Compl. ¶ 70.)

Finally, Plaintiff's pleading confirms that it commenced this action on December 10, 2025. (Compl. caption.)

**LEGAL STANDARD**

A statute-of-limitations defense may be resolved on a Rule 12(b)(6) motion when "the defense appears on the face of the complaint." *Ellul v. Congregation of Christian Bros.*, 774 F.3d 791, 798 n.12 (2d Cir. 2014); *Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 319 (2d Cir. 2021). In the limitations context, dismissal is appropriate where the complaint "clearly shows the claim is out of time." *Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir. 1999). Where, as here, Plaintiff pleads a specific discovery date and pleads facts establishing discovery, the DTSA limitations issue is ripe for resolution at the pleading stage.

The DTSA provides that "[a] civil action … may not be commenced later than 3 years after the date on which the misappropriation with respect to which the action would relate is discovered or by the exercise of reasonable diligence should have been discovered." 18 U.S.C. § 1836(d). The DTSA also makes explicit that "[f]or purposes of this subsection, a continuing misappropriation constitutes a single claim of misappropriation." Id. Accordingly, once the limitations period begins to run, a plaintiff cannot reset the clock by pointing to later use of the same alleged trade secrets. See, e.g., *Ajenifuja v. Dangote*, 485 F. Supp. 3d 120, 127 (D.D.C. 2020) (allegations of ongoing misappropriation "make[] no difference" because "a continuing misappropriation constitutes a single claim").

**ARGUMENT**

**I. Plaintiff's DTSA Claims Are Time-Barred on the Face of the Complaint.**

**A. The DTSA Limitations Period Begins When the Misappropriation Is Discovered (or Should Have Been Discovered), Not When Plaintiff Later Confirms Every Detail or Identifies Every Actor.**

The DTSA is a discovery-rule statute. The limitations period runs from when the misappropriation is "discovered" or should have been discovered through reasonable diligence. 18 U.S.C. § 1836(d). Courts applying the DTSA evaluate discovery in practical terms - when the plaintiff had actual or inquiry notice sufficient to trigger a duty to act - not when the plaintiff later obtains additional corroboration or completes an investigation. See *Uni-Systems, LLC v. United States Tennis Ass'n, Inc.*, 350 F. Supp. 3d 143, 178 (E.D.N.Y. 2018) (DTSA limitations period begins when plaintiff "knew or should have known that the alleged trade secrets were wrongfully acquired, disclosed, or used"). Similarly, courts reject attempts to delay accrual until the plaintiff confirms misappropriation "with certainty." *Ajenifuja v. Dangote*, 485 F. Supp. 3d 120, 127 (D.D.C. 2020) (limitations begins when misappropriation should have been discovered, not when plaintiff "confirmed the theft with certainty").

This framework matters here because Plaintiff pleads not merely "storm warnings," but a specific meeting at which it was presented with what it calls "compelling documentary evidence" of a years-long theft-and-sale scheme. (Compl. ¶ 70.) Under the DTSA, that allegation constitutes discovery for limitations purposes.

**B. Plaintiff Pleads Actual Discovery of the Alleged Misappropriation No Later Than February 2, 2022.**

Plaintiff does not allege a later date on which it first learned of the alleged misappropriation. To the contrary, Plaintiff's narrative fixes the discovery date in early 2022. Plaintiff alleges that it received a text message on or about January 28, 2022 and then met with Carlos Roa on February 2, 2022. (Compl. ¶¶ 68-69.) According to Plaintiff, during that meeting it was presented with "compelling documentary evidence" that Rosenblatt had been selling Plaintiff's customer-related and confidential financial information to Companions "since in or about June or July of 2016." (Compl. ¶ 70.) These allegations are sufficient - standing alone - to establish that Plaintiff discovered the alleged misappropriation by February 2, 2022.

**C. Because Plaintiff Commenced This Action on December 10, 2025, the DTSA Claims Are Untimely.**

Three years from February 2, 2022 is February 2, 2025. Plaintiff's pleading reflects that it commenced this action on December 10, 2025 - more than ten months after the DTSA limitations period expired. (Compl. caption.) Accordingly, Plaintiff's DTSA claim for misappropriation (First Cause of Action) is time-barred as pleaded and should be dismissed. Plaintiff's Second Cause of Action, styled as a DTSA claim for "Injunctive Relief," is likewise time-barred because it is expressly brought under the DTSA and is dependent on the existence of a timely DTSA violation.

**D. Plaintiff Cannot Avoid the DTSA Limitations Bar by Alleging Continuing Use of the Same Information.**

Anticipating timeliness problems, Plaintiff pleads that Defendants allegedly continue to possess, use, or benefit from the same supposed trade secrets. (See, e.g., Compl. ¶¶ 95, 97.) But Congress directly rejected a rolling-accrual approach in the DTSA's limitations provision: "a continuing misappropriation constitutes a single claim of misappropriation." 18 U.S.C. § 1836(d). That statutory language collapses a continuing course of conduct into one claim for limitations purposes, preventing plaintiffs from extending the filing window by pointing to later uses of the same misappropriated information. See *Ajenifuja*, 485 F. Supp. 3d at 127 (ongoing misappropriation "makes no difference" under the DTSA).

Plaintiff's own pleading illustrates why the DTSA uses this "single claim" rule. Plaintiff alleges a single, continuous theft-and-sale scheme beginning in 2016, and alleges that it uncovered that scheme in a meeting on February 2, 2022 through "compelling documentary evidence." (Compl. ¶ 70.) Having pleaded discovery in early 2022, Plaintiff cannot revive the DTSA claim by alleging that the consequences of the same alleged misappropriation continue.

**E. The Complaint Does Not Plead Any Basis to Treat the DTSA Claims Here as Newly Discovered, Separate Misappropriations Accruing Within Three Years.**

Plaintiff's DTSA claims are brought "against all Defendants" and incorporate the preceding allegations wholesale. (Compl. ¶¶ 93-94.) Plaintiff's theory, as pleaded, is that Defendants' alleged use of the information occurred "through their performance of work and services for Safa and Vito and their various corporate entities," using the same customer-related information, pricing information, and confidential financial information Plaintiff says was being sold to Companions since 2016. (Compl. ¶ 95; see also id. ¶ 70.) In other words, the Complaint does not plead a later-discovered, stand-alone misappropriation by any Defendant that is distinct from the scheme Plaintiff says it discovered on February 2, 2022.

To the extent Plaintiff may contend that it later learned additional participants' identities, that does not change the pleaded discovery date of the misappropriation itself. See *Ajenifuja*, 485 F. Supp. 3d at 127 (accrual not delayed until plaintiff "confirmed the theft with certainty").

**F. Plaintiff Pleads No Facts Supporting Tolling, and Its Pleaded Discovery Date Forecloses It.**

Finally, the Complaint pleads no facts that would support tolling the DTSA limitations period. The DTSA's three-year period runs from discovery (or reasonable discovery). Plaintiff's own allegations establish discovery by February 2, 2022 through documentary evidence. Absent well-pleaded facts showing that Plaintiff could not have discovered the misappropriation through reasonable diligence - which Plaintiff does not allege - there is no basis to toll the DTSA statute of limitations. See 18 U.S.C. § 1836(d); *Uni-Systems*, 350 F. Supp. 3d at 178.

**G. Dismissal With Prejudice Is Appropriate Because the Time Bar Appears on the Face of the Complaint.**

Where a statute-of-limitations defect is apparent from the plaintiff's own pleading, dismissal under Rule 12(b)(6) is appropriate. *Harris*, 186 F.3d at 250. Here, Plaintiff affirmatively pleads the operative discovery facts (including the February 2, 2022 meeting and documentary evidence) and pleads an action-commencement date outside the three-year DTSA period. (Compl. ¶¶ 68-70; Compl. caption.) Because the DTSA limitations bar arises from Plaintiff's own allegations, and because the DTSA provides a fixed three-year period from discovery with no "continuing violation" reset, Plaintiff cannot cure timeliness by repleading the same discovery timeline. Accordingly, dismissal of the DTSA claims should be with prejudice.

**CONCLUSION**

For the foregoing reasons, Plaintiff's DTSA claims (First and Second Causes of Action) are barred by the DTSA's three-year statute of limitations based on the allegations pleaded in the Complaint. The Individual Defendants respectfully request that the Court dismiss those DTSA claims with prejudice.

Dated: January 23, 2026
New York, New York

Respectfully submitted,

/s/ Mark Purificati (pro se)
/s/ Fari Gutierrez (pro se)
/s/ Tiffany Uribe (pro se)
/s/ Jeff Beiben (pro se)
/s/ Christian Hogarth (pro se)
/s/ David Segovia (pro se)