UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
IME WATCHDOG, INC.,

                        Plaintiff,

          -against-

JEFF BEIBEN, MARK PURIFICATI, FARI
GUTIERREZ, CHRISTIAN HOGARTH, TIFFANY
URIBE, DAVID SEGOVIA, and DIRECT IME
SERVICES LLC,

                        Defendants.
----------------------------------------------------------------X

**Case No.: 1:25-cv-10218 (VSB) (RFT)**

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO THE DEFENDANTS'
MOTIONS TO DISMISS AND FOR A PROTECTIVE ORDER STAYING DISCLOSURE**

 

**MILMAN LABUDA LAW GROUP PLLC**
Attorneys for Plaintiff
3000 Marcus Ave., Suite 3W8
Lake Success, NY 11042
(516) 328-8899

**SAGE LEGAL LLC**
Attorneys for Plaintiff
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................... 1

FACTS ....................................................................................................................................... 2

STANDARD ............................................................................................................................... 7

ARGUMENT ............................................................................................................................ 11

POINT I ................................................................................................................................... 11
THE COMPLAINT PLAUSIBLY ALLEGES MISAPPROPRIATION UNDER THE DTSA AND
NEW YORK LAW .................................................................................................................... 11

POINT II .................................................................................................................................. 12
PLAINTIFF'S CLAIM FOR INJUNCTIVE RELIEF SHOULD NOT BE DISMISSED ................. 12

POINT III ................................................................................................................................. 13
PLAINTIFF'S UNJUST ENRICHMENT CLAIM IS SUFFICENTLY PLED AND IS NOT
DUPLICATIVE ......................................................................................................................... 13

POINT IV ................................................................................................................................. 14
PLAINTIFF'S CIVIL CONSPIRACY CLAIM SHOULD NOT BE DISMISSED .......................... 14

POINT V ................................................................................................................................... 15
PLAINTIFF'S CONVERSION CLAIM IS SUFFICENTLY PLED AND IS NOT DUPLICATIVE
................................................................................................................................................. 15

POINT VI ................................................................................................................................. 16
DEFENDANTS' STATUTE-OF-LIMITATIONS DEFENSE FAILS BECAUSE PLAINTIFF
ALLEGES SUBSEQUENT AND INDEPENDENT MISAPPROPRIATION BY DIFFERENT
ENTITIES AND ACTORS OCCURRING WELL WITHIN THE LIMITATIONS PERIOD ........ 16

POINT VII ................................................................................................................................ 19
DEFENDANTS' MOTION FOR A PROTECTIVE ORDER MUST BE DENIED .......................... 19

CONCLUSION ......................................................................................................................... 22

i

## TABLE OF AUTHORITIES

**Cases**

*A.F.A. Tours, Inc. v. Whitchurch*, 937 F.2d 82, 89 (2d Cir. 1991)…………………………………………10

*Ajenifuja v. Dangote*, 485 F. Supp. 3d 120 (D.D.C. 2020) ........................................................ 18

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ............................................................................ 7

*Ass'n Fe y Allegria v. Republic of Ecuador*, 1999 WL 147716, at *1 (S.D.N.Y. Mar. 16, 1999) ............. 19

*BAE Sys. Info. & Elec. Sys. Integration Inc. v. L3Harris Cin. Elecs. Corp.*, 716 F Supp 3d 206, 224 (S.D.N.Y. 2024) ................................................................................................................ 14

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)……………………………………………………8

*Bennett v. Cuomo*, No. 22 Civ. 7846 (VSB), 2023 WL 2021560, at *2, *5 (S.D.N.Y. Feb. 15, 2023)...... 21

*Brooks v. Macy's Inc.*, 2010 WL 5297756, at *2 (S.D.N.Y. Dec. 21, 2010) ..................................... 19

*Cambridge Cap. LLC v. Ruby Has LLC*, No. 20 Civ. 11118 (LJL), 2021 WL 2413320, at *2 (S.D.N.Y. June 10, 2021) ................................................................................................................ 22

*Catalano v. BMW of N. Am., LLC*, 167 F. Supp. 3d 540 (S.D.N.Y. 2016) ...................................... 13

*Catalyst Advisors, L.P. v. Catalyst Advisors Invs. Glob. Inc.*, 602 F. Supp. 3d 663, 675-76 (S.D.N.Y. 2022) ........................................................................................................................ 10, 11

*Citizens Sec., Inc. v. Bender*, 2019 U.S. Dist. LEXIS 128571, at *12 (N.D.N.Y. Aug. 1, 2019) ............. 15

*Dove v. Atl. Cap. Corp.*, 963 F.2d 15, 20 (2d Cir. 1992) ........................................................... 19

*Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 117 (2d Cir. 2009) (*quoting N. Atl. Instruments, Inc. v. Haber*, 188 F.3d 38, 43–44 (2d Cir. 1999)............................................... 9

*Freeman ex rel. Est. Freeman v. HSBC Holdings PLC*, 57 F.4th 66 (2d Cir. 2023) ........................... 14

*Garvey v. Face of Beauty LLC*, 634 F. Supp. 3d 84, 95–96 (S.D.N.Y. 2022) .................................. 11

*Georgia Malone & Co. v. Rieder*, 19 N.Y.3d 511, 516 (N.Y. 2012) ............................................. 13

*Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 155 (2d Cir. 2006) ...................... 8

*Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016).............................................................. 8

*Guiffre v. Maxwell*, No. 15-CV-7433 (RWS), 2016 WL 254932, at *2 (S.D.N.Y. Jan. 20, 2016) ........... 21

*Hachette Distrib., Inc. v. Hudson Cnty. News Co.*, 136 F.R.D. 356, 359 (E.D.N.Y. 1991) .................. 20

*Harris v. City of N.Y.*, 186 F.3d 243, 250 (2d Cir. 1999).......................................................... 16

*Hong Leong Fin. Ltd. (Sing.) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013)........... 19

*Houser v. Feldman*, 569 F. Supp. 3d 216, 226 (E.D. Pa. 2021).................................................. 17

*Iacovacci v. Brevet Holdings, LLC*, 437 F. Supp. 3d 367, 380-81 (S.D.N.Y. 2020) .......................... 9, 10

*IME Watchdog, Inc. v Gelardi*, 732 F. Supp. 3d 224 (E.D.N.Y. 2024).......................................3, 11

*IME Watchdog, Inc. v. Gelardi*, 2022 U.S. Dist. LEXIS 86997 (E.D.N.Y. May 13, 2022) .................3, 11

*IME Watchdog, Inc. v. Gelardi*, 2023 U.S. Dist. LEXIS 120759 (E.D.N.Y. July 13, 2023).......................1

*IME WatchDog, Inc. v. Gelardi, et al.*; Case No.: 1:22-cv-1032 (PKC) (JRC) ..................................3

*Integrated Cash Mgmt. Servs., Inc. v. Digit. Transactions, Inc.*, 920 F.2d 171, 173 (2d Cir. 1990).......... 10

*Kovkov v. Law Firm of Dayrel Sewell, PLLC*, 182 A.D.3d 418 (1st Dept. 2020) ............................... 15

*Kraus USA, Inc. v Magarik*, 2020 U.S. Dist. LEXIS 83481, *29 (S.D.N.Y. May 12, 2020) .................. 15

*LivePerson, Inc. v. 24/7 Customer, Inc.*, 83 F. Supp. 3d 501, 514 (S.D.N.Y. 2015) ............................ 10

*LM Ins. Corp. v. James River Ins. Co.*, No. 22-CV-7472 (ER), 2023 WL 5509264, at *3 (S.D.N.Y. Aug. 25, 2023) ...................................................................................................................... 8

*McCovey v. TJX Cos.*, No. 22 Civ. 2570 (KAM) (RLM), 2022 WL 18858976, at *1 (E.D.N.Y. July 13, 2022) .......................................................................................................................... 19

*Medcenter Holdings Inc. v. WebMD Health Corp.*, 2021 U.S. Dist. LEXIS 59796, 2021 WL 1178129, at *5 (S.D.N.Y. Mar. 29, 2021) .............................................................................................. 16

*Mirra v. Jordan*, No. 15 Civ. 4100 (AT) (KNF), 2016 WL 889559, at *2 (S.D.N.Y. Mar. 1, 2016).........21

*Moran v. Flaherty*, 1992 WL 276913, at *1 (S.D.N.Y. Sept. 25, 1992)........................................ 20

*N. Atl. Instruments, Inc.*, 188 F.3d at 44 ..............................................................................9

*Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 202 (2d Cir. 2013) ..................... 8

*Pauwels v. Deloitte LLP*, 83 F. 4th 171, 187 (2d Cir 2023)........................................................ 14

*Servotec USA, LLC v. Ruag Ammontec USA, Inc.*, 2011 U.S. Dist. LEXIS 115809 (N.D.N.Y. Oct. 6, 2011) .............................................................................................................................................. 13

*Sikhs for Just. v. Nath*, 893 F. Supp. 2d 598, 615 (S.D.N.Y. 2012) ............................................... 8

*Sphere Digital, LLC v. Armstrong*, 2020 U.S. Dist. LEXIS 190516, 2020 WL 6064156, at *4 (S.D.N.Y. Oct. 14, 2020) ....................................................................................................................... 8

*SS&C Tech. Holdings, Inc. v. D.E. Shaw & Co.*, 2025 U.S. Dist. LEXIS 106522 (S.D.N.Y. June 5, 2025) ................................................................................................................................................. 16

*Stephen v. Thrifty, LLC*, 2025 U.S. Dist. LEXIS 190495 (E.D.N.Y. Sep. 26, 2025) ..................... 13

*Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir. 2000) ......................................................................... 8

*Sweringen v. NY State Dispute Resolution Assn.*, 2007 U.S. Dist. LEXIS 60609, *24 (N.D.N.Y. Aug. 17, 2007) .................................................................................................................................... 13

*Thyroff v. Nationwide Mut. Ins. Co.*, 460 F.3d 400, 403-04 (2d Cir. 2006) ................................. 15

*Twombly*, 550 U.S. at 555 ................................................................................................................ 8

*Vigilant Ins. Co. of Am. v. Hous. Auth.*, 87 N.Y.2d 36, 44, (1995) .............................................. 15

*Vogel v. TakeOne Network Corp.*, 2025 U.S. Dist. LEXIS 189382, at *21-22 (S.D.N.Y. Sep. 25, 2025) . 14

*Weitzner v. Sciton, Inc.*, No. CV 2005-2533, 2006 WL 3827422, at *1 (E.D.N.Y. Dec. 27, 2006) .......... 20

## Statutes

18 U.S.C. § 1836(d) ........................................................................................................................ 16

18 U.S.C. § 1839(3) .......................................................................................................................... 9

18 U.S.C. § 1839(5) ........................................................................................................................ 11

18 U.S.C. § 1839(6)(A) ................................................................................................................... 11

## Rules

FRCP

12(b)(6).………………………………………………………………………………………7, 8

Fed. R. Civ. P. 16(b)(4) ................................................................................................................... 19

Fed. R. Civ. P. 26(c)(1)(B) ........................................................................................................ 2, 19

Fed. R. Civ. P. 26(c)–(d) ................................................................................................................ 19

Local Civil Rule 37.2 ........................................................................................................................ 2

Fed. R. Civ. P.8.………………………………………………………………………………….2

Rule 37 ............................................................................................................................................... 2

## PRELIMINARY STATEMENT

The Defendants' motion to dismiss rests on a false premise that Plaintiff must re-litigate, at the pleading stage, issues already conclusively resolved by a federal court after extensive discovery, evidentiary hearings, injunctions, and contempt findings. The Complaint does not speculate about whether trade secrets exist, how they were stolen, or whether Defendants knew they were stolen. That is because, as alleged in the Complaint, those facts were litigated for years in *IME WatchDog, Inc. v. Gelardi*, where the Eastern District of New York (the "Gelardi Action" or the "Related Case") and the Court there expressly found that Plaintiff, IME WatchDog Inc.'s ("Plaintiff") customer lists, pricing, operational data, and business methods constitute protectable trade secrets, were misappropriated by IME Companions LLC ("Companions"), Safa Gelardi ("Safa") and Vito Gelardi ("Vito").

This case concerns those very same trade secrets which were later misappropriated by the Defendants. Indeed, the Complaint in this case alleges that Defendants, through their employment or agency relationship with Safa's and Vito's various alter egos of Companions, disseminated and used the same trade secrets that Safa and Vito unlawfully misappropriated.

The Complaint plausibly alleges that Defendants (i) worked directly for Safa and Vito and each of their alter-ego entities; (ii) received Plaintiff's trade secrets from Safa and Vito; (iii) performed services for clients on the Enjoined Customers List[1] using Plaintiff's trade secrets; and (iv) refused to produce documents when subpoenaed precisely because those documents would confirm their receipt and use of the trade secrets already adjudicated.

---

[1] The Enjoined Customers List is discussed in a July 13, 2023 Order in the Gelardi Action. See *IME Watchdog, Inc. v. Gelardi*, 2023 U.S. Dist. LEXIS 120759 (E.D.N.Y. July 13, 2023).

1

That is more than sufficient under Rule 8.[2]  Accordingly, Defendants' motion to dismiss must be denied.

Defendants' separate motion for a protective Order staying disclosure is inappropriate on multiple grounds such that it warrants summary denial.  First, Defendants' motion is premature as the parties have not yet held a Rule 16 conference such that discovery may begin.  Second, Defendants' motion is premature as Plaintiff has not yet sought discovery nor formally requested a forensic examination of Defendants' electronic accounts and devices.  Third, Defendants' motion fails to comply with Rule 37 and Local Civil Rule 37.2 in that they failed to meet-and-confer with Plaintiff in advance of seeking relief.  Finally, because Defendants have not established good cause and since their motion to dismiss has no chance of success, a protective Order under Rule 26(c) should be denied.

## FACTS

Plaintiff commenced this case to recover damages against Defendants in connection with Defendants' misappropriation, use of, and profit from Plaintiff's confidential information and trade secrets. As alleged in the Complaint, the Individual Defendants worked for Safa and Vito and their business, Companions, and thereafter, the Individual Defendants worked for the Gelardis' alter ego entities/successor entities, Client Exam Services LLC ("CES"), IME Management & Consulting LLC, the IME Company, IME Legal Reps ("IMELR"), and Direct IME Services LLC ("Direct" or "Direct IME") (the corporate defendant in the instant case) in an effort to end-run Hon. Pamela K. Chen, U.S.D.J.'s ("Judge Chen") Orders enjoining Companions from operating

---

[2] In their notice of motion and in their conclusion, the Individual Defendants seek dismissal only of the second cause of action for injunctive relief and the sixth causes of action for civil conspiracy.  However, the body of their memorandum of law and their supplemental memorandum of law addresses other causes of action.  Plaintiff will therefore address all causes of action herein.  Further, the corporate Defendant later joined in the instant motion, incorporating by reference the arguments raised in the individual Defendants' motion.

its business.  *See* ECF Docket Entry 1 ¶¶ 84-85.

Moreover, the Complaint alleges that Defendants' misappropriation occurred through the Individual Defendants' work for CES, IME Legal Reps, and then Direct IME.  *See* ECF Docket Entry 1 ¶¶ 14-23, 84-92, 99-102.

Critically, in the Gelardi Action, after discovery, forensic examinations, hearings, and motion practice, the court expressly found that Plaintiff's customer lists, pricing information, operational methods, observer procedures, and related business intelligence constitute trade secrets under federal and New York law and were misappropriated by Safa and Vito Gelardi.  *See IME Watchdog, Inc. v. Gelardi*, 2022 U.S. Dist. LEXIS 86997 (E.D.N.Y. May 13, 2022) ("[T]here is no doubt that Companions' existence and growth is based in part on Watchdog's misappropriated trade secrets, customers, and business opportunities"); *IME Watchdog, Inc. v. Gelardi*, 732 F. Supp. 3d 224 (E.D.N.Y. 2024) ("Indeed, even with a preliminary injunction in place, Defendants disseminated Plaintiff's trade secrets, inflicting further harm against Plaintiff. Thus, Plaintiff will undoubtedly suffer additional irreparable harm absent a stricter preliminary injunction").

**RELEVANT PROCEDURAL HISTORY IN THE GELARDI ACTION**

On February 25, 2022, IME WatchDog filed suit against, *inter alia*, non-parties Safa, Vito, and Companions for violations of the Defend Trade Secrets Act ("DTSA").  *See IME WatchDog, Inc. v. Gelardi, et al.*; Case No.: 1:22-cv-1032 (PKC) (JRC) (hereinafter the "Related Case"), ECF Docket Entry 1.

On April 4, 2022, the Judge Chen granted Plaintiff's motion for a preliminary injunction in part and Safa, Vito, and Companions were enjoined from franchising Companions and from having any ongoing or future communications with Plaintiff's employees and agents. See Related Case, Text Only Order dated April 5, 2022.

On May 13, 2022, Judge Chen issued an Order in the Related Case granting Plaintiff the following injunctive relief: (i) preliminarily enjoining Companions from using in any manner whatsoever Plaintiff's trade secrets and confidential and proprietary information; (ii) directing Companions to return to Plaintiff all of its trade secrets and confidential and proprietary information; (iii) preliminarily enjoining Companions from contacting Plaintiff's current clients, employees, and agents; (iv) preliminarily enjoining Defendants from franchising Companions; preliminarily enjoining Defendants from destroying documents, whether in hard copy and/or computerized and/or other electronic media format, that are presently in Defendants' personal or corporate possession relating to Companions, Watchdog, and or any other matter relevant to this case; and (v) directing a forensic examination.  See ECF Docket Entry 66.

On June 2, 2022, after Companions argued that its independent contractors should not be subject to a forensic examination, Judge Chen issued an Order stating that:

> [I]t is the forensic analyst's duty to review all records and electronic accounts and determine which contain relevant information, and which do not. Defendants do not get to control and obstruct this process. Similarly, Defendants cannot block the forensic analysis of their employees' devices. The fact that these employees are not parties does not mean that they "do not come within the scope of the Court's order." To the contrary, Companions is a defendant in this action and the Preliminary Injunction Order applies to it with the same force as to the individual defendants. A corporate defendant necessarily operates through its officers, employees, and agents. Thus, in order to comply with the Preliminary Injunction Order, Companions must provide access to the records and electronic accounts of its employees.

See Text Only Order dated June 2, 2022.  Notwithstanding the foregoing, Companions failed to disclose the existence of Defendant Mark Purificati's ("Purificati") email address with Companions.  See Related Case, ECF Docket Entry 111 at 3-4 ("Mark Purificati and Jason Ciccone had email addresses at Companions which [Safa] failed to disclose").

On March 10, 2023, Judge Chen issued a temporary restraining Order enjoining Companions from operating.  See ECF Docket Entry 156.  On March 27, 2023, following a hearing, Judge Chen expanded the Court's previously ordered preliminary injunction to preclude Companions from providing services to any customers who were former customers of Plaintiff and listed on Plaintiffs 2016 customer list.  See Text Only Order dated March 27, 2023.

On October 20, 2023, Judge Chen issued a temporary restraining Order enjoining non-party IME Legal Reps from serving Plaintiff's customers.  See Related Case, ECF Docket Entry 254.  On May 28, 2024, in connection with a subsequent hearing to be held the following day on May 29, 2024, Plaintiff sought to hold Defendant Purificati in contempt for his failure to respond to a subpoena demanding the production of documents.  See Related Case, ECF Docket Entry 341.

On July 1, 2024, Judge Chen issued a temporary restraining Order enjoining IME Legal Reps from serving Plaintiff's customers.  See Related Case, ECF Docket Entry 365.

On October 17, 2024, Plaintiff filed a letter motion to compel Purificati's compliance with the aforementioned subpoena.  See Related Case, ECF Docket Entries 405, 405-1, and 406.  On November 4, 2024, Plaintiff filed a letter motion to certify that Purificati and other non-parties are in contempt of Court for failing to respond to subpoenas.   See Related Case, ECF Docket Entry 419.  Although an in-person motion hearing was scheduled on February 7, 2025, the Order requiring the appearance of Purificati (and others) was served on each of them, Purificati (and the others) failed to appear at that hearing.  See Related Case, ECF Docket Entry 439 and Text Only Order dated January 17, 2025.

Pursuant to the Court's Order in the Related Case, on February 27, 2025 and March 14, 2025, respectively, Plaintiff re-served Purificati and others the subpoenas issued to them.  See Related Case, ECF Docket Entries 444, 445, 446, 447, and Text Only Orders dated March 24,

2025 ("Non-parties Christian Hogarth, Fari Gutierrez, Lizbeth Medina, Mark Purficati, and Sara Gonzalez (the "non-parties") failed to appear despite receiving notice of the hearing. Plaintiff's motion to compel is granted. By 2/26/2025, the non-parties shall respond to plaintiff's subpoenas. The non-parties are warned that the failure to respond may result in a finding of contempt and the imposition of a monetary fine. Plaintiff's … motion for a certification of contempt is denied without prejudice"). To date, no response to the subpoenas was ever received.

On March 31, 2025, Judge Chen found Companions and IME Legal Reps in contempt for violating the preliminary injunction because Safa and Vito conspired with a non-party to form a separate company as an end-run around the injunction. See Related Case, ECF Docket Entry 448.

On April 15, 2025, Plaintiff filed a renewed letter motion to hold Purificati and other non-parties in the Related Case in contempt for failure to respond to its subpoenas. See Related Case, ECF Docket Entry 457.

The following day, the Hon. James R. Cho, U.S.M.J. ("Judge Cho") issued an order to show cause as to why Purificati and others should not be found in contempt for their failure to respond to the subpoenas. See Related Case, Text Only Order dated April 16, 2025 and ECF Docket Entry 461. No response to the Order to Show Cause was filed and a decision on that motion is pending.

On February 9, 2026, Judge Chen found Companions in contempt and issued case-ending sanctions. See Related Case, ECF Docket Entry 616.

On February 13, 2026, Judge Chen issued an Order to show cause and temporary restraining Order enjoining, *inter alia*, Purificati and others from operating Direct IME Services LLC ("Direct"). See Related Case, ECF Docket Entry 623. On February 26, 2026, counsel appeared on behalf of Direct in the Related Case. See Related Case, ECF Docket Entry 636.

On March 3, 2026, Judge Chen issued an Order deciding that the temporary Restraining Order is lifted, and the motion for a preliminary injunction is denied.  <u>See</u> Related Case, Text Only Order dated March 3, 2026.

On December 10, 2025, after more than a year of avoiding a response to the subpoenas issued to them in the Related Case, Plaintiff filed suit against Purificati and others in this case.  <u>See</u> ECF Docket Entry <u>1</u>.  As with the subpoenas, Plaintiff properly served Purificati with process.  <u>See</u> ECF Docket Entry <u>9</u>.

Indicative of his role as a ringleader for the other parties in this case, Purificati appeared *pro se* on January 12, 2026 together with Safa and Vito without any of the other Defendants in this case.  <u>See</u> ECF Docket Entry <u>16</u>.

On January 10, 2026, the individual defendants moved to dismiss the complaint on the grounds that: (i) the DTSA and state law misappropriation claims fail because purportedly Plaintiff does not identify trade secrets with reasonable specificity and Plaintiff pleads no misappropriation by any individual defendant; (ii) the unjust enrichment claim is purportedly duplicative and not plausibly plead; (iii) injunctive relief is purportedly not a standalone claim; (iv) New York purportedly does not recognize civil conspiracy as an independent tort; and (v) the conversion claim purportedly is not plausibly plead.  <u>See</u> ECF Docket Entry <u>17</u>.

 On February 20, 2026, counsel appeared on behalf of Direct in this case and joined in the instant motions.  <u>See</u> ECF Docket Entries <u>31</u> and <u>32</u>.

### STANDARD

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) *quoting Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 570 (2007)). "[A]ll reasonable inferences should be drawn in favor of the plaintiff," but the "complaint must contain sufficient allegations to nudge a claim 'across the line from conceivable to plausible.'" *Sphere Digital, LLC v. Armstrong*, 2020 U.S. Dist. LEXIS 190516, 2020 WL 6064156, at *4 (S.D.N.Y. Oct. 14, 2020) *quoting Twombly*, 550 U.S. at 555).

"The question on a motion to dismiss 'is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *See LM Ins. Corp. v. James River Ins. Co.*, No. 22-CV-7472 (ER), 2023 WL 5509264, at *3 (S.D.N.Y. Aug. 25, 2023) (*quoting Sikhs for Just. v. Nath*, 893 F. Supp. 2d 598, 615 (S.D.N.Y. 2012)). "Dismissal is inappropriate unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him or her to relief." *Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir. 2000).

When considering a Rule 12(b)(6) motion, the court must "test, in a streamlined fashion, the formal sufficiency of the plaintiff's statement of a claim for relief without resolving a contest regarding its substantive merits." *See Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 155 (2d Cir. 2006). As such, courts typically "do not consider matters outside the pleadings in deciding a motion to dismiss for failure to state a claim." *See Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 202 (2d Cir. 2013); *see also Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016) ("Because [an FRCP] 12(b)(6) motion challenges the complaint as presented by the plaintiff, taking no account of its basis in evidence, a court adjudicating such a motion may review only a narrow universe of materials"). However, in addition to the facts alleged in the complaint, the court may also consider documents that are appended to the complaint, incorporated in the complaint by reference, or integral to the complaint, as well as matters of which judicial notice may be taken. See Goel, 820 F.3d at 559.

The elements required under the DTSA and New York law are "fundamentally the same"

and "[d]istrict courts often rely on cases discussing misappropriation under New York law to analyze DTSA claims." *Iacovacci v. Brevet Holdings, LLC*, 437 F. Supp. 3d 367, 380 (S.D.N.Y. 2020) (citation omitted). "To succeed on a claim for the misappropriation of trade secrets under New York law, a party must demonstrate: (1) that it possessed a trade secret, and (2) that the defendants used that trade secret in breach of an agreement, confidential relationship or duty, or as a result of discovery by improper means." *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 117 (2d Cir. 2009) (*quoting N. Atl. Instruments, Inc. v. Haber*, 188 F.3d 38, 43–44 (2d Cir. 1999)).

"The DTSA defines 'trade secret' to include 'all forms and types of financial, business, scientific, technical, economic, or engineering information, including patterns, plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes,' so long as: (1) 'the owner thereof has taken reasonable measures to keep such information secret'; and (2) 'the information derives independent economic value . . . from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information.'" *Iacovacci*, 437 F. Supp. 3d at 380 (alteration in original) (*quoting* 18 U.S.C. § 1839(3)).

New York courts typically consider the following six factors in determining whether information qualifies as a trade secret under either the DTSA or state law: (1) The extent to which the information is known outside of the business; (2) the extent to which it is known by employees and others involved in the business; (3) the extent of measures taken by the business to guard the secrecy of the information; (4) the value of the information to the business and its competitors; (5) the amount of effort or money expended by the business in developing the information; (6)

the ease or difficulty with which the information could be properly acquired or duplicated by others. *Id.* (cleaned up) (*quoting Integrated Cash Mgmt. Servs., Inc. v. Digit. Transactions, Inc.*, 920 F.2d 171, 173 (2d Cir. 1990)).

"These factors are guideposts, not elements, and it is not necessary to plead every single factor to state a claim." *Id.* (*quoting LivePerson, Inc. v. 24/7 Customer, Inc.*, 83 F. Supp. 3d 501, 514 (S.D.N.Y. 2015)). "Although there is no heightened pleading requirement on actions brought under the DTSA, . . . district courts in this circuit routinely require that plaintiffs plead their trade secrets with sufficient specificity to inform the defendants of what they are alleged to have misappropriated." Id. (citations omitted).

"The question of whether or not a customer list is a trade secret is generally a question of fact." *N. Atl. Instruments, Inc.*, 188 F.3d at 44 (*quoting A.F.A. Tours, Inc. v. Whitchurch*, 937 F.2d 82, 89 (2d Cir. 1991)). Nevertheless, "[n]umerous cases . . . have held that where, as here, it would be difficult to duplicate a customer list because it reflected individual customer preferences, trade secret protection should apply." *Id.* at 46 (collecting cases); *see, e.g., Iacovacci*, 437 F. Supp. 3d at 380–81 (denying motion to dismiss counterclaims where "the purportedly misappropriated trade secrets include[d] . . . non-public sourcing information for over 2,000 clients"); *Catalyst Advisors, L.P. v. Catalyst Advisors Invs. Glob. Inc.*, 602 F. Supp. 3d 663, 675 (S.D.N.Y. 2022) (finding plaintiff adequately alleged that its customer list merited trade secret protection where plaintiff "gathered the information by developing relationships . . . , conducting personalized interviews . . . , and performing individualized assessments").

The DTSA defines "misappropriation" as the "acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means," or the "disclosure or use of a trade secret of another without express or implied consent." 18

10

U.S.C. § 1839(5); *accord Catalyst Advisors, L.P.*, 602 F. Supp. 3d at 676; *see also Garvey v. Face of Beauty LLC*, 634 F. Supp. 3d 84, 95–96 (S.D.N.Y. 2022) ("Under the Defend Trade Secrets Act, . . . 'a party must show an unconsented disclosure or use of a trade secret by one who (i) used improper means to acquire the secret, or, (ii) at the time of disclosure, knew or had reason to know that the trade secret was acquired through improper means, under circumstances giving rise to a duty to maintain the secrecy of the trade secret, or derived from or through a person who owed such a duty.'").  "[I]mproper means" include "theft, bribery, misrepresentation, breach or inducement of a breach of a duty to maintain secrecy, or espionage through electronic or other means."  See 18 U.S.C. § 1839(6)(A).

## ARGUMENT

### POINT I

### THE COMPLAINT PLAUSIBLY ALLEGES MISAPPROPRIATION UNDER THE DTSA AND NEW YORK LAW

The Defendants' argument that Plaintiff fails to identify protectable trade secrets with sufficient specificity ignores the binding judicial finding in the Gelardi Action and the well-pled allegations in the complaint.

In the Gelardi Action, after discovery, forensic examinations, hearings, and extensive motion practice, the court expressly found that Plaintiff's customer lists, pricing information, operational methods, observer procedures, and related business intelligence constitute trade secrets under federal and New York law and were misappropriated by Safa and Vito.  *IME Watchdog, Inc. v. Gelardi*, 2022 U.S. Dist. LEXIS 86997 (E.D.N.Y. May 13, 2022) ("[T]here is no doubt that Companions' existence and growth is based in part on Watchdog's misappropriated trade secrets, customers, and business opportunities"); *IME Watchdog, Inc. v Gelardi*, 732 F. Supp. 3d 224 (E.D.N.Y. 2024) ("Indeed, even with a preliminary injunction in place, Defendants

disseminated Plaintiff's trade secrets, inflicting further harm against Plaintiff. Thus, Plaintiff will undoubtedly suffer additional irreparable harm absent a stricter preliminary injunction").

The Complaint here alleges that Defendants misappropriated the same trade secrets that Safa and Vito misappropriated by using them in connection with CES, IME Legal Reps, and then Direct IME.  ECF Docket Entry 1 ¶¶ 14-23, 84-92, 99-102.

It is axiomatic that, because Judge Chen concluded that the information that the Gelardis possess constitute trade secrets, since Plaintiff alleges that the Defendants obtained and used that same information from the Gelardis, Plaintiff has sufficiently alleged the information at issue are trade secrets that have been misappropriated by the Defendants.

Shockingly, the Defendants refer to subpoenas with which some of them were served in the Gelardi Action and refer to Plaintiff's "access," implying that the Individual Defendants complied with the subpoenas.  However, as alleged in the Complaint and addressed *supra*, "Defendants know their conduct is wrong, and – as such – the Individual Defendants have refused to respond to subpoenas served on them in the Gelardi Case, despite repeated Court Orders to do so. *See* Gelardi Action, October 18, 2024, April 16, 2024, October 18, 2024, January 7, 2025, March 24, 2025 ECF Docket Entries."  *Id*. at ¶ 24.  In fact, to date, the Individual Defendants served with subpoenas have failed to respond to the subpoenas in any regard.

Based on the foregoing, the Complaint plausibly alleges that the Defendants misappropriated Plaintiff's trade secrets.

## POINT II

## PLAINTIFF'S CLAIM FOR INJUNCTIVE RELIEF SHOULD NOT BE DISMISSED

In its second cause of action, Plaintiff asserts a claim for injunctive relief under the DTSA. The Defendants do not argue that Plaintiff has not sufficiently asserted their entitlement to

injunctive relief under the DTSA; they merely argue that injunctive relief is a remedy and not a cause of action.

However, courts permit causes of action for injunctive relief to proceed. *See Sweringen v. NY State Dispute Resolution Assn.*, 2007 U.S. Dist. LEXIS 60609, *24 (N.D.N.Y. Aug. 17, 2007); *Stephen v. Thrifty, LLC*, 2025 U.S. Dist. LEXIS 190495 (E.D.N.Y. Sep. 26, 2025); *Servotec USA, LLC v. Ruag Ammontec USA, Inc.*, 2011 U.S. Dist. LEXIS 115809 (N.D.N.Y. Oct. 6, 2011).

If the Court, nevertheless, concludes that injunctive relief is a remedy and not a cause of action as the court concluded in *Catalano v. BMW of N. Am., LLC*, 167 F. Supp. 3d 540 (S.D.N.Y. 2016) (relied on by the Individual Defendants), the injunctive relief sought in Plaintiff's prayer for relief should remain in the Complaint.

## POINT III

## PLAINTIFF'S UNJUST ENRICHMENT CLAIM IS SUFFICENTLY PLED AND IS NOT DUPLICATIVE

Under New York law, to state a claim for unjust enrichment, a plaintiff must plead that (1) the defendant was enriched, (2) at the plaintiff's expense, and (3) equity and good conscience militate against permitting defendant to retain what the plaintiff is seeking to recover. *Georgia Malone & Co. v. Rieder*, 19 N.Y.3d 511, 516 (N.Y. 2012).

The Defendants argue that Plaintiff does not allege a benefit conferred by it on any of the Defendants. They are wrong. Plaintiff alleges that the Defendants have used Plaintiff's confidential information and trade secrets, thereby enriching themselves at Plaintiff's expense by, among other things, receiving compensation from sales of services through the use of same. *See* ECF Docket Entry 1 ¶ 137. This sufficiently states a claim for unjust enrichment.

The Defendants also argue that the claim is duplicative of the misappropriation claim under the DTSA and New York Law.

However, misappropriation is not an element of a claim for unjust enrichment under New York law, so an unjust enrichment claim does not necessarily rise or fall with a claim of trade secret misappropriation. *See Pauwels v. Deloitte LLP*, 83 F. 4th 171, 187 (2d Cir 2023).

Moreover, a plaintiff may plead an unjust enrichment claim in the alternative to a misappropriation claim. *See Vogel v. TakeOne Network Corp.*, 2025 U.S. Dist. LEXIS 189382, at *21-22 (S.D.N.Y. Sep. 25, 2025) (permitting misappropriation claim and unjust enrichment claim to go to jury and explaining "[t]o give an example, a jury may determine that despite the lack of an enforceable agreement governing the use of Tradekraft's portable-profile feature, Naji and El-Nahhas nevertheless misappropriated that idea and were unjustly enriched by it in developing Wrapbook"); (*BAE Sys. Info. & Elec. Sys. Integration Inc. v. L3Harris Cin. Elecs. Corp.*, 716 F Supp 3d 206, 224 (S.D.N.Y. 2024) (denying motion to dismiss unjust enrichment claim that alleged that the defendant was enriched when it was awarded, based in part on using the plaintiff's proprietary information, a contract).

Indeed, a plaintiff who does not prevail on a DTSA or state misappropriation claim could still prevail on a claim for unjust enrichment in connection with a defendant's use of the plaintiff's information.

Accordingly, the Defendants' motion to dismiss the fifth cause of action for unjust enrichment should be denied.

## POINT IV

## PLAINTIFF'S CIVIL CONSPIRACY CLAIM SHOULD NOT BE DISMISSED

Contrary to the Defendants' argument, a claim for civil conspiracy is a cognizable cause of action under New York law. *See Freeman ex rel. Est. Freeman v. HSBC Holdings PLC*, 57 F.4th 66 (2d Cir. 2023); *Kovkov v. Law Firm of Dayrel Sewell, PLLC*, 182 A.D.3d 418 (1st Dept.

2020). This is especially the case here, where, in conjunction with the civil conspiracy cause of action, Plaintiff also pleads an independently viable tort and discusses how the individual Defendants together conspired to disseminate and utilize Plaintiff's trade secrets.

Accordingly, the Defendants' motion to dismiss Plaintiff's seventh cause of action for civil conspiracy should be denied.

**POINT V**

**PLAINTIFF'S CONVERSION CLAIM IS SUFFICENTLY PLED AND IS NOT DUPLICATIVE**

Under New York law, "[c]onversion is the unauthorized assumption and exercise of the right of ownership over goods belonging to another to the exclusion of the owner's rights." *Thyroff v. Nationwide Mut. Ins. Co.*, 460 F.3d 400, 403-04 (2d Cir. 2006) *quoting Vigilant Ins. Co. of Am. v. Hous. Auth.*, 87 N.Y.2d 36, 44, (1995).

The Defendants argue that Plaintiff does not identify any specific, discrete property allegedly converted by each Defendant or facts showing deprivation. They are wrong. Indeed, the Complaint alleges that the Defendants came into possession of Plaintiff's confidential information and trade secrets without Plaintiff's authority. *See* ECF Docket Entry 1 ¶¶ 14-23, 84-92, 99-102.

An allegation that a defendant exercised unauthorized dominion over a plaintiff's confidential information or trade secrets to the detriment of the plaintiff is sufficient to proceed with a conversion claim. *See Citizens Sec., Inc. v. Bender*, 2019 U.S. Dist. LEXIS 128571, at *12 (N.D.N.Y. Aug. 1, 2019).

Moreover, Plaintiff may plead a conversion claim in the alternative to a misappropriation of trade secret claim. *See Kraus USA, Inc. v Magarik*, 2020 U.S. Dist. LEXIS 83481, *29 (S.D.N.Y. May 12, 2020).

Accordingly, the Defendants' motion to dismiss Plaintiff's eighth cause of action for conversion should be denied.

**POINT VI**

**DEFENDANTS' STATUTE-OF-LIMITATIONS DEFENSE FAILS BECAUSE PLAINTIFF ALLEGES SUBSEQUENT AND INDEPENDENT MISAPPROPRIATION BY DIFFERENT ENTITIES AND ACTORS OCCURRING WELL WITHIN THE LIMITATIONS PERIOD**

"The rule 'in the statute of limitations context is that dismissal is appropriate only if a complaint clearly shows the claim is out of time.'" *Medcenter Holdings Inc. v. WebMD Health Corp.*, 2021 U.S. Dist. LEXIS 59796, 2021 WL 1178129, at *5 (S.D.N.Y. Mar. 29, 2021) *quoting Harris v. City of N.Y.*, 186 F.3d 243, 250 (2d Cir. 1999).

Here, it is not apparent from the face of the Complaint that Plaintiff's DTSA claims are untimely.

The DTSA provides that an action must be brought within three (3) years of when "the misappropriation…is discovered or by the exercise of reasonable diligence should have been discovered." 18 U.S.C. § 1836(d). Critically, the statute focuses on discovery of ***the defendant's*** misappropriation, not discovery of an earlier theft by someone else. *See SS&C Tech. Holdings, Inc. v. D.E. Shaw & Co.*, 2025 U.S. Dist. LEXIS 106522 (S.D.N.Y. June 5, 2025) ("the claim is timely if plaintiff 'discovered or by the exercise of reasonable diligence should have . . . discovered' ***defendant's*** alleged misappropriation [within three (3) years preceding the filing of the complaint]") (emphasis added).

The Defendants' argument rests on a false premise that Plaintiff's DTSA claim against the Defendants accrued when Plaintiff learned in February 2022 that non-parties to this case, Companions, Safa, and Vito, had stolen its trade secrets. That is not the claim pleaded here.

Plaintiff does not sue Defendants in this case for the misappropriation by Companions,

Safa, and Vito in the Gelardi Action.  Plaintiff sues Defendants for their own use of Plaintiff's trade secrets at businesses formed *after* Companions was enjoined.  Indeed, the Complaint alleges that Defendants' misappropriation occurred through CES, IME Legal Reps, and then Direct IME. *See* ECF Docket Entry 1 ¶¶ 14-23, 84-92, 99-102.

CES, IME Legal Reps, and Direct IME were formed *after* Plaintiff learned in February 2022 of the misappropriation by Companions, Safa, and Vito and after court injunctions barred Safa and Vito from competing.  Indeed, according to the New York Department of State, CES was formed on March 16, 2023.  *See* Felsen Declaration, Exhibit A.  Therefore, any misappropriation by Defendants in connection with CES happened after March 16, 2023, and is timely since the Complaint was filed on December 10, 2025, within the three (3) year statute of limitations under the DTSA.  The Complaint alleges that IME Legal Reps and Direct IME were formed *after* CES.  *See* ECF Docket Entry 1 ¶¶ 15-18.  Plaintiff, therefore, could not have discovered Defendants' misappropriation in February 2022.  As such, the Defendants' statute of limitations defense falls flat.

In addition, and critically where – as here – there are multiple Defendants who have misappropriated Plaintiff's trade secrets, courts apply the DTSA's "continuing misappropriation" rule to each defendant individually, not collectively.  *See Houser v. Feldman*, 569 F. Supp. 3d 216, 226 (E.D. Pa. 2021) ("The final question is whether the misappropriations of one defendant trigger the statute of limitations for the subsequent acts of another defendant. As the rationale underlying trade secret protection is based on the breach of a confidential relationship, the breach of one relationship should not be dispositive for the breach of another. Therefore, Temple's breach of its relationship with Houser requires different treatment from that of Feldman. Houser may still pursue his claims under the DTSA against Temple, as the Amended Complaint alleges that he first

learned of its alleged misappropriations in November 2020. There is nothing on the face of the Amended Complaint which suggests that the statute of limitations against Temple has run, so that any further determination on statute of limitations grounds is inappropriate at the motion to dismiss stage").

Here, the Defendants in this case are alleged to have knowingly used Plaintiff's trade secrets to operate new competing businesses, targeting Plaintiff's customers. Indeed, the Complaint pleads specific post-2024 acts of misappropriation, including April 24, 2025, May 28, 2025, and June 5, 2025, when Defendants performed IMEs for Plaintiff's protected customers through Direct IME. *See* ECF Docket Entry 1 ¶ 21. These acts occurred less than one year before suit was filed and independently defeat dismissal on limitations grounds. They are thus timely.

The Defendants' reliance on *Ajenifuja v. Dangote*, 485 F. Supp. 3d 120 (D.D.C. 2020), is misplaced. Setting aside that this authority is non-binding as it is from a district court outside of the Second Circuit, that case involved discovery of a single theft by the same wrongdoer. It did not involve new actors forming new companies and using trade secrets years later as in this case.

The Defendants' attempt to collapse all discovery of trade secrets into a single date would mean that once a trade secret is stolen and discovered by one misappropriator, every future misappropriator enjoys permanent immunity after three years. That is not the law.

To the extent that Defendants concede they misappropriated trade secrets in 2022 together with Companions, Vito, and Safa, those would constitute violations of the injunctions in the Gelardi Action, which prohibited such conduct by agents of Companions, Vito, and Safa as well as those acting in active concert or participation with them.

Accordingly, Plaintiff's DTSA claims against Defendants are timely and Defendants' supplemental motion to dismiss based on the statute-of-limitations should be denied.

## POINT VII

## DEFENDANTS' MOTION FOR A PROTECTIVE ORDER MUST BE DENIED

Under Rule 26(c), a court may issue a protective order "specifying terms, including time ... for the disclosure or discovery" upon a showing of "good cause." Fed. R. Civ. P. 26(c)(1)(B). "The party seeking a protective order under Rule 26(c) bears the burden of showing good cause for its issuance and may not rely on conclusory assertions." *McCovey v. TJX Cos.*, No. 22 Civ. 2570 (KAM) (RLM), 2022 WL 18858976, at *1 (E.D.N.Y. July 13, 2022). "Trial courts enjoy wide discretion in handling pretrial discovery under both provisions: broad discretion under Rule 26(c) to decide whether and to what extent a protective order is warranted, and similarly broad discretion under Rule 23(d)(3) to control the timing and sequence of discovery." *Id.*; *see also Dove v. Atl. Cap. Corp.*, 963 F.2d 15, 20 (2d Cir. 1992) ("the grant or denial of a protective order lies within the sound discretion of the district court").

Separately, upon a showing of "good cause," the court may grant a motion to stay discovery pending decision on a motion to dismiss. *See* Fed. R. Civ. P. 16(b)(4) (a discovery schedule "may be modified only for good cause and with the judge's consent"); Fed. R. Civ. P. 26(c)–(d); *see also Ass'n Fe y Allegria v. Republic of Ecuador*, 1999 WL 147716, at *1 (S.D.N.Y. Mar. 16, 1999) ("Together, these provisions enable the district court to stay discovery where resolution of a preliminary motion may dispose of the entire action."). "Courts consider: '(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion.'" *Hong Leong Fin. Ltd. (Sing.) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (*quoting Brooks v. Macy's Inc.*, 2010 WL 5297756, at *2 (S.D.N.Y. Dec. 21, 2010)).

Applying the legal standards set forth above, Defendants' motion for a stay must be denied in each instance.

Defendants fail to establish good cause to grant a protective Order at this nascent stage of the case for a variety of reasons.

First, discovery has not commenced yet as the parties have not yet conducted a Rule 16 conference, nor has Plaintiff yet propounded any discovery demands or otherwise moved to compel a forensic examination. As such, Defendants' request is premature and must be denied for this reason alone.

Second, Defendants' motion fails because they fail to submit any evidence by way of sworn declaration or exhibit that they attempted to meet-and-confer with Plaintiff prior to seeking the instant relief. Although Defendants state that they sought to meet-and-confer once in December 2025, they provide no proof to support this contention, nor do they explain why they failed to follow up with Plaintiff in the ensuing month before filing the instant motion. As such, Defendants' request is premature for failing to meet-and-confer as required on discovery applications.

Third, there is no good cause for delaying discovery. The mere filing of a dispositive motion, in and of itself, does not halt discovery obligations in federal court. *Weitzner v. Sciton, Inc.*, No. CV 2005-2533, 2006 WL 3827422, at *1 (E.D.N.Y. Dec. 27, 2006). Thus, "discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed." *Id.* (*quoting Moran v. Flaherty*, 1992 WL 276913, at *1 (S.D.N.Y. Sept. 25, 1992)). Indeed, the fact that "defendants filed an early dispositive motion does not in and of itself give rise to justification to warrant a stay." *Hachette Distrib., Inc. v. Hudson Cnty. News Co.*, 136 F.R.D. 356, 359 (E.D.N.Y. 1991).

Here, the breadth of discovery sought would be all communications and payments received from or sent to others concerning IME observer work performed from each of the Defendants

since in or about April 2025 when the individual Defendant has testified he began operating an IME observer business, shortly after Judge Chen enjoined a successor company of IME Companions LLC from operating that same month.  See Related Case, ECF Docket Entry 626. See *Guiffre v. Maxwell*, No. 15-CV-7433 (RWS), 2016 WL 254932, at *2 (S.D.N.Y. Jan. 20, 2016) ("Discovery in this case is accordingly tailored to that single claim and the associated events. It does not reach such a wide-breadth that good cause for a stay exists").  Moreover, "[n]ormal discovery in a limited matter does not alone rise to the level of good cause," Id., at *2, so a party seeking a stay must proffer specific reasons why discovery is likely to be unusually complex. *See Mirra v. Jordan*, No. 15 Civ. 4100 (AT) (KNF), 2016 WL 889559, at *2 (S.D.N.Y. Mar. 1, 2016) ("The defendant's vague and conclusory contentions are not sufficient to establish that the plaintiff's discovery requests are voluminous and burdensome").

Next, Plaintiff would undoubtedly be prejudiced by a stay of discovery.  Among other items, the Defendants' communications with Safa and Vito are critical to obtain in this case, and a stay would preclude same.  Even if this Court finds that Plaintiff is unlikely to be prejudiced by a stay of discovery (which it should not), "lack of prejudice alone does not merit a stay." *Bennett v. Cuomo*, No. 22 Civ. 7846 (VSB), 2023 WL 2021560, at *5 (S.D.N.Y. Feb. 15, 2023); *Guiffre*, 2016 WL 254932, at *2 ("Good cause not otherwise having been shown, lack of prejudice does not justify a stay").

Last, and as discussed *supra*, Defendants have not made a showing that Plaintiff's claims—in their entirety or in part—are patently unmeritorious. Such a showing requires that "the complaint is facially without merit or [that] the plaintiff has been unable to cite relevant authority in response to a defendant's challenge." *See Bennett v. Cuomo*, No. 22 Civ. 7846 (VSB), 2023 WL 2021560, at *2 (S.D.N.Y. Feb. 15, 2023); *see also Cambridge Cap. LLC v. Ruby Has LLC*,

No. 20 Civ. 11118 (LJL), 2021 WL 2413320, at *2 (S.D.N.Y. June 10, 2021) (explaining that in ruling on a request to stay discovery, courts avoid "prejudging the motion to dismiss" because "a motion for a stay is not a vehicle for jumping the queue to receive a preliminary ruling on a motion to dismiss ahead of motions on the Court's docket that have been longer pending").

For the foregoing reasons, Defendants' motion for a protective Order must be denied on procedural and substantive grounds, as the request is premature and Defendants otherwise fail to establish good cause.

## CONCLUSION

For the foregoing reasons, the Defendants' motion to dismiss should be denied in its entirety.

Dated:  Lake Success, New York
        March 13, 2026

Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**

*/s/ Jamie S. Felsen, Esq.*
3000 Marcus Ave. Suite 3W8
Lake Success, NY 11042
(516) 328-8899
jamiefelsen@mllaborlaw.com

**SAGE LEGAL LLC**

*/s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11042-1073
(718) 412-2421 (office)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Plaintiff*
*IME WatchDog, Inc.*