Case 1:25-cv-03218-VSB-RFT   Document 42-6   Filed 03/27/26   Page 1 of 5
Case 1:22-cv-01032-PKC-JRC   Document 647   Filed 07/17/26   Page 1 of 5 PageID #:
12465

# Sage Legal LLC

**18211 Jamaica Avenue ● Jamaica, NY 11423-2327 ● (718) 412-2421 ● emanuel@sagelegal.nyc**

March 17, 2026

<u>VIA ECF</u>
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Pamela K. Chen, U.S.D.J.
225 Cadman Plaza East
Courtroom 4F North
Brooklyn, NY 11201-1804

>   *Re:*   **IME WatchDog, Inc. v. Gelardi,** *et al.*
>   <u>**Case No.: 1:22-cv-1032 (PKC) (JRC)**</u>

Dear Judge Chen:

This firm, together with Milman Labuda Law Group PLLC, represents Plaintiff IME WatchDog, Inc. (the "Plaintiff") in the above-referenced case.  Plaintiff writes to oppose non-party Direct IME Services LLC's ("Direct") and Mark Purificati's ("Purificati") oral motion for attorneys' fees.  The oral motion should be denied because Direct and Purificati: (i) are not parties to this case; and (ii) they have failed to establish that Plaintiff acted in bad faith as required by the Defend Trade Secrets Act ("DTSA").

<u>**Legal Standard**</u>

The DTSA provides that "[i]n a civil action brought under this subsection with respect to the misappropriation of a trade secret, a court may … if a claim of the misappropriation is *made in bad faith*, which may be established by circumstantial evidence, a motion to terminate an injunction is made or opposed in bad faith, or the trade secret was willfully and maliciously misappropriated,  award reasonable attorney's fees to the *prevailing party*."  <u>See</u> 18 U.S.C. § 1836(b)(3)(D).  As one court has noted, the statute sets forth "several requirements for the award of attorney fees under the DTSA: (1) the recipient must be 'the prevailing party'; (2) ... 'a claim of the misappropriation is made in bad faith ...'; and (3) the court must in the exercise of its discretion determine that an award of fees is warranted." <u>See</u> <u>Recoop LLC v. Outliers Inc.</u>, 2025 WL 1725024, at *15 (S.D.N.Y. June 20, 2025) (<u>quoting</u> 18 U.S.C. § 1836(b)(3)(D)).

On the issue of bad faith, "[t]he Second Circuit has not set forth the showing that must be made to demonstrate that a [misappropriation] claim 'is made in bad faith' so as to permit an award of attorney's fees." <u>Id.</u> The Second Circuit, however, has had occasion to interpret the term "bad faith" in the context of a different fee-shifting statute. In <u>Kerin v. United States Postal Service</u> (hereinafter "<u>Kerin</u>"), , the Second Circuit was called upon to interpret the term "bad faith" as used in the Equal Access to Justice Act, 28 U.S.C. § 2412(b).  <u>See</u> 218 F.3d 185, 190 (2d Cir. 2000) To elucidate the meaning of the term "bad faith," <u>Kerin</u> looked to the standard applicable where a federal court imposes fees for bad faith litigation arising from its inherent power. <u>Id.</u> at 190.

<u>Kerin</u> concluded that:

> to award bad faith fees, the district court must find that the losing party's claim was (1) meritless; and (2) brought for improper purposes such as harassment or delay.... The test is conjunctive and neither meritlessness alone nor improper purpose alone will suffice.

Id. at 190 (internal citation and punctuation omitted).

At least two courts have adopted the Kerin standard for the DTSA. See Bronx Conservatory of Music, Inc. v. Kwoka, 2024 WL 3521804, at *8 (S.D.N.Y. Apr. 23, 2024), adopted by 2024 WL 3521853 (S.D.N.Y. July 23, 2024); see also Insurent Agency Corp. v. Hanover Ins. Co., 2020 WL 86813, at *8 (S.D.N.Y. Jan. 8, 2020), adopted by 2020 WL 1080774 (S.D.N.Y. Mar. 6, 2020). More recently, in Recoop LLC, the Hon. Lewis J. Liman, U.S.D.J. surveyed the standards applied by courts both within this Circuit and outside the Circuit to determine "bad faith" under the DTSA and arrived at the following test: "that [the] plaintiff's suit be both 'objectively specious' and that the plaintiff exhibited subjective bad faith in making the claim." See 2025 WL 1725024, at *15.

In the end, Plaintiff respectfully submits that the Kerin and Recoop LLC formulations are quite similar. Both articulate a conjunctive, two-pronged inquiry into bad faith, with the first prong looking to the substance of a DTSA plaintiff's misappropriation claim and the second prong looking to the plaintiff's subjective motives. Under either formulation, the *DTSA defendant* seeking attorneys' fees must show that the plaintiff's misappropriation claim objectively lacked substance and that the plaintiff subjectively acted with an improper purpose. See Zebra Strategies, Inc. v. Gonzalez-Nazario, 800 F. Supp. 3d 592, 598 (S.D.N.Y. 2025) (emphasis added).

As set forth below, Direct and Purificati cannot climb the wall to establish both prongs so as to entitle them to attorneys' fees.

**Facts**

Critically, Direct and Purificati are not parties to this case. Plaintiff's Order to show cause sought an award of contempt against *Defendants*, not Direct or Purificati, and an injunction restraining *Defendants* from violating the preliminary injunction by using Direct and Purificati as their agents. At the March 3, 2026 evidentiary hearing, Plaintiff presented evidence that Purificati, who was a former observer for IME Companions LLC ("Companions") and its successors, and who is in contempt of court for failing to comply with a subpoena issued to him in this case more than one (1) year ago, started a new observer entity, Direct, after Companion's alter ego companies Client Exam Services LLC ("CES"), IME Management & Consulting LLC, the IME Company, IME Legal Reps ("IMELR") were shut down. Given Purificati's prior working relationship with Safa Gelardi ("Safa") and Vito Gelardi ("Vito") through various related entities who were found in contempt, there is a strong inference that Direct (through Purificati) is yet another alter ego of Companion.

The mere denial of Plaintiff's motion for a preliminary injunction does not mean that Direct is not an alter ego of Companion.

2

It merely means that at this preliminary stage, this Court concluded that Plaintiff was unable to prove through its independent evidence – since there has been no discovery and Purificati failed to comply with a subpoena served on him –the elements of a preliminary injunction. Notably, discovery in IME WatchDog, Inc. v. Beiben, et al.; Case No.: 1:25-cv-10218 (VSB) (RFT), the lawsuit Plaintiff commenced against Direct (the "SDNY Action"), Purificati, and others, has not yet commenced.

At the March 3, 2026 evidentiary hearing, Plaintiff also presented evidence that Purificati received Plaintiff's trade secrets from Safa via email. Purificati's response to this incontrovertible evidence was that he did not read it and developed his own reports and methods to observe IMEs, testimony which in and of itself is not credible. Plaintiff also provided evidence that Safa engaged Purificati to observe IMEs and that Purificati accepted those jobs, which constitutes circumstantial evidence that Safa and Purificati are in active concert and participation with each other in the IME observer industry. While the Court found, at this early stage, that Plaintiff did not meet its burden of proof, there was sufficient circumstantial evidence supporting Plaintiff's contentions. On this record, as argued below, Direct and Purificati are not entitled to attorneys' fees.

**Argument**

      i.      <u>Direct and Purificati are not entitled to fees as non-parties</u>

At the beginning of the hearing, Purificati was excluded from the courtroom and sequestered pursuant to Rule 615 of the Federal Rules of Evidence. This Court required Purificati to be sequestered on the grounds that he is not a party in this case. This distinction holds relevant on this inquiry, as well.

A *defendant* is a prevailing party "when the case is resolved in the defendant's favor, whether on the merits or not." See CRST Van Expedited, Inc. v. E.E.O.C., 578 U.S. 419, 432 (2016) (emphasis added). It is sufficient that the defendant is "[t]he party ultimately prevailing when the matter is finally set at rest." See Lackey v. Stinnie, 145 S. Ct. 659, 667 (2025) (quoting Black's Law Dictionary 1352); see also TransPerfect Global, Inc. v. Lionbridge Technologies, Inc., 2022 WL 2119344 at *2 (S.D.N.Y. May 31, 2022) (finding the defendants to be the prevailing party after a successful motion for summary judgment dismissing the action with prejudice). A party is "prevailing" only if there is a "material alteration of the legal relationship of the parties." See Lackey v. Stinnie, 604 U.S. 192 (2025); see also Buckhannon Bd. & Care Home v. W. Virginia Dept. of Health & Human Resources, 532 U.S. 598 (2001); IME Watchdog, Inc. v. Gelardi, 2022 U.S. Dist. LEXIS 199862 (E.D.N.Y. Nov. 2, 2022).

Here, as noted by this Court at the beginning of the hearing, Direct and Purificati are not parties to this case. As such, they are not entitled to seek attorneys' fees on this ground alone.

Moreover, the provision for attorneys' fees is found in subsection (3), "Remedies," specifically at § 1836(b)(3)(D). This placement is significant. By including the fee-shifting provision in the "Remedies" subsection, Congress evidently intended it to be a potential form of relief, not an independent basis for a claim.

3

This is reinforced by the language of § 1836(b)(3)(D) itself, which states that "a court may, if a claim of ... misappropriation is made in bad faith ... award reasonable attorney's fees to the prevailing party." The use of "may," and the reference to a pre-existing "claim of misappropriation," indicate that this is a discretionary remedy available after the resolution of an underlying misappropriation claim, not a freestanding cause of action. See Jane St. Group, LLC v. Millennium Mgt. LLC, No. 24 CIV. 2783 (PAE), 2024 WL 3460987, at *3 (S.D.N.Y. July 18, 2024). Relatedly, Direct and Purificati are parties in the separate case filed in the SDNY Action. To the extent that they prevail in that case, where they *are* Defendants, Direct and Purificati may seek attorneys' fees there should they establish the requisite elements for same under the DTSA. Because Direct and Purificati are not parties here, they are not entitled to any remedies under the DTSA in this case. Accordingly, their oral motion for attorneys' fees must be denied.

Also, notably, "a § 1836(b)(3)(D) motion, which can only be made by a "prevailing" party, must await the end of the case." See Bay St. Advisors, LLC v. Mahoney, 2025 U.S. Dist. LEXIS 170647 (S.D.N.Y. Sep. 2, 2025); see also Jane St. Group, LLC v Millennium Mgt. LLC, 2024 U.S. Dist. LEXIS 127113 (S.D.N.Y. July 18, 2024) (a fee award under the DTSA "is a discretionary remedy available after the resolution of an underlying misappropriation claim"). This is because the Supreme Court has warned that one "who achieves a transient victory at the threshold of an action can gain no award under [a] fee-shifting provision if, at the end of the litigation, her initial success is undone and she leaves the courthouse emptyhanded." See IME WatchDog, Inc. v. Gelardi, No. 22CV1032PKCJRC, 2022 WL 16636766, at *3 (E.D.N.Y. Nov. 2, 2022) (citing *Sole v. Wyner*, 55 U.S. 74, 78 (2007)). Because the SDNY Action is still in its "threshold" stages and is actively being litigated, it is premature to award fees in this case where Direct and Purificati are non-parties who merely served as witnesses.

ii.       Direct and Purificati failed to establish bad faith to warrant an award of fees

At the hearing, Direct and Purificati made an oral motion for attorneys' fees on the grounds that Plaintiff did not present sufficient evidence of their complicity with Safa in violating the preliminary injunction. Even if they were somehow considered parties to this case, which they are not, this is not a valid basis for an award of attorneys' fees under the DTSA.

First, "courts are sensitive to 'the common scenario where the trade secrets plaintiff may not know which parts of its trade secrets have been misappropriated or cannot determine the full scope of its claims until it gains a better understanding of how a defendant operates.'" See Insurent Agency Corp. v. Hanover Ins. Co., No. 16-CIV.3076 (LGS) (JLC), 2020 WL 86813 (S.D.N.Y. Jan. 8, 2020), report and recommendation adopted, No. 16-CIV.-3076 (LGS), 2020 WL 1080774 (S.D.N.Y. Mar. 6, 2020) (quoting Uni-Sys., LLC v. U.S. Tennis Ass'n, 2017 WL 4081904, at *4 (E.D.N.Y. Sept. 13, 2017)).

Here, Plaintiff presented sufficient evidence for this Court to issue a temporary restraining Order. As the Court noted, this case has been plagued with Defendants' attempts to violate virtually every Order issued. Notwithstanding Plaintiff's lack of a full picture of Safa's dealings with Purificati because of Purificati's failure to comply in any regard with a subpoena served on him more than a year ago, Plaintiff came prepared with sufficient evidence to infer collusion.

4

This was shown in the email exchanges between Safa and Purificati about the do's and don'ts of observing IMEs, as well as the evidence of a June 13, 2025 IME observed by Purificati on behalf of Safa. In that regard, although a failure of proof does not alone establish that the claim was brought in bad faith, see Insurent Agency Corp., 2020 WL 86813, at *9, in this case, Plaintiff came forward with *some* proof that its contentions were grounded in good faith.

On May 29, 2024, Plaintiff sought to hold Defendant Purificati in contempt for his failure to respond to a subpoena demanding the production of documents. See ECF Docket Entry 341. On October 17, 2024, Plaintiff filed a letter motion to compel Purificati's compliance with the subpoena. See ECF Docket Entries 405, 405-1, and 406. On November 4, 2024, Plaintiff filed a letter motion to certify that Purificati and other non-parties are in contempt of Court for failing to respond to subpoenas. See ECF Docket Entry 419. Although an in-person motion hearing was scheduled on February 7, 2025, the Order requiring the appearance of Purificati (and others) was served on each of them, Purificati (and the others) failed to appear at that hearing. See ECF Docket Entry 439 and Text Only Order dated January 17, 2025. Pursuant to the Court's Order, on February 27, 2025 and March 14, 2025, respectively, Plaintiff re-served Purificati and others the subpoenas issued to them. ECF Docket Entries 444, 445, 446, 447, and Text Only Orders dated March 24, 2025 ("Non-parties Christian Hogarth, Fari Gutierrez, Lizbeth Medina, Mark Purficati, and Sara Gonzalez (the "non-parties") failed to appear despite receiving notice of the hearing. Plaintiff's motion to compel is granted. By 2/26/2025, the non-parties shall respond to plaintiff's subpoenas. The non-parties are warned that the failure to respond may result in a finding of contempt and the imposition of a monetary fine. Plaintiff's … motion for a certification of contempt is denied without prejudice"). To date, no response to the subpoenas was ever received.

Purificati should not be permitted to not comply with a subpoena, thereby depriving Plaintiff of information it could have used at the hearing or otherwise in this case, and then seek attorneys' fees when Plaintiff was unable to establish the elements of a preliminary injunction due to Purificati's contempt. To that end, Purificati's unclean hands deprive him of relief. Based on the foregoing, Plaintiff's Order to show cause was not meritless. Nor was Plaintiff's motion brought for improper purposes such as harassment or delay. Plaintiff's purpose in bringing the motion was to enforce the preliminary injunction. It cannot be said that enforcing Orders of this Court is an improper purpose. Accordingly, because Direct and Purificati fail to establish that Plaintiff's motion lacks merit *and* that it was brought for an improper purpose, their motion for attorneys' fees must be denied.

Plaintiff thanks this Court for its time and attention to this case.

Dated: Lake Success, New York
March 17, 2026

Respectfully submitted,
**MILMAN LABUDA LAW GROUP PLLC**
  _/s/ Jamie S. Felsen, Esq._____
Jamie S. Felsen, Esq.

**SAGE LEGAL LLC**
  _/s/ Emanuel Kataev, Esq.____
Emanuel Kataev, Esq.

5