**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**IME WatchDog, Inc. v. Jeff Beiben, Mark Purificati, Fari Gutierrez, Christian Hogarth, Tiffany Uribe, David Segovia, and Direct IME Services LLC**
**Case No. 1:25-cv-10218 (VSB) (RFT)**

## INDIVIDUAL DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS AND MOTION FOR PROTECTIVE ORDER / STAY

Plaintiff's opposition confirms the defect identified in Defendants' opening motion: this is not a fact-pleaded trade-secret case against these Individual Defendants. After years of subpoenas, forensic discovery, and overlapping litigation, Plaintiff still cannot identify a single defendant-specific act of misappropriation by any Individual Defendant.

This is not a case in its early stages; it follows years of subpoenas, forensic examinations, and motion practice, yet Plaintiff still cannot identify any defendant-specific act.

Plaintiff identifies no defendant-specific email, text, attachment, file transfer, access event, or document by which any Individual Defendant acquired, used, or disclosed any identified IME WatchDog trade secret. Instead, Plaintiff relies on findings against other actors in the EDNY action, group pleading, subpoena rhetoric, and an express request for forensics to "determine the exact nature and extent" of alleged misconduct. That is discovery-first pleading, and it fails under Rule 8, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Plaintiff's opposition also reveals a legally defective theory of accrual. Plaintiff says this case concerns the "very same trade secrets" previously misappropriated by Safa Gelardi, Vito Gelardi, and Companions, later used through CES, IME Legal Reps, and Direct. That is a derivative, continuing-misappropriation theory. Yet Plaintiff simultaneously tries to restart the DTSA clock by relabeling later alleged use as "subsequent and independent misappropriation by different entities and actors." The statute does not permit that. 18 U.S.C. § 1836(d) states that a continuing misappropriation constitutes a single claim.

Plaintiff's opposition also undercuts its own downstream-entity theory. Plaintiff acknowledges that, in the related EDNY action, Judge Chen lifted the Temporary Restraining Order and denied the motion for a preliminary injunction as to Direct on March 3, 2026. While not dispositive here, that ruling reinforces the central point: when Plaintiff's theory was tested in an evidentiary setting, Plaintiff did not carry its burden.

The question before this Court is straightforward: does the Complaint plausibly plead what each Individual Defendant actually did? Plaintiff's opposition confirms that it does not.

## I. PLAINTIFF CANNOT BOOTSTRAP EDNY FINDINGS AGAINST OTHER PARTIES INTO PLAUSIBLE CLAIMS AGAINST THESE DEFENDANTS.

Plaintiff's lead move is to say this Court need not "re-litigate" whether trade secrets existed because Judge Chen already found that Safa, Vito, and Companions misappropriated customer lists, pricing, operational data, observer procedures, and related business intelligence in EDNY. Even taking those EDNY rulings as background, Plaintiff still must plead what *these* defendants did. It has not. Instead, Plaintiff simply asserts that because Safa and Vito had WatchDog trade secrets, anyone who later worked with them or with alleged successor entities must also have received and used those trade secrets. That is not pleading; it is guilt by association.

Nor can Plaintiff solve that problem by invoking EDNY materials for their truth on a Rule 12(b)(6) motion. At most, the Court may take judicial notice of the existence of public filings and orders. It may not accept contested factual propositions from other proceedings as true against new defendants in order to fill gaps in the pleadings. See *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016); *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 155 (2d Cir. 2006).

Plaintiff's own wording proves the point. Plaintiff says this case concerns "those very same trade secrets" later misappropriated by Defendants through their employment or agency relationship with Safa's and Vito's alleged alter-ego entities. But that is a transitive theory of liability, not a defendant-specific factual theory. The opposition never identifies the transmission, access event, document, or communication by which any Individual Defendant supposedly received any specific trade secret.

## II. PLAINTIFF STILL DOES NOT IDENTIFY A SINGLE TRADE SECRET OR A SINGLE ACT OF MISAPPROPRIATION BY ANY INDIVIDUAL DEFENDANT.

The problem is not merely that Plaintiff pleads broad categories. The problem is that Plaintiff never identifies *what* any Individual Defendant allegedly obtained. No specific file. No specific list. No specific data set. No particular pricing sheet. No customer spreadsheet. No template attached to a communication. No named document at all. Plaintiff still pleads only labels -

"customer lists," "preferences," "pricing," "templates," and "business strategies" - and asks the Court to infer that one or more defendants must have acquired something somewhere. That is not enough. See *Elsevier Inc. v. Doctor Evidence, LLC*, No. 17-CV-5540, 2018 WL 557906, at *4-5 (S.D.N.Y. Jan. 23, 2018); *Big Vision Private Ltd. v. E.I. du Pont de Nemours & Co.*, 610 F. App'x 69, 70-71 (2d Cir. 2015).

Just as critically, Plaintiff still does not identify *what any Individual Defendant did*. No dated transmission. No access to WatchDog's systems. No communication forwarding WatchDog material. No concrete use of an identified WatchDog document in performing any assignment. The opposition repeats, in collective terms, that Defendants "worked directly for Safa and Vito," "received Plaintiff's trade secrets from Safa and Vito," and performed services for customers on the Enjoined Customers List "using Plaintiff's trade secrets." Those are conclusions, not facts.

That is exactly the sort of undifferentiated group pleading the Second Circuit rejects. See *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001). After years of subpoenas, forensic examinations, hearings, injunctions, and contempt applications, Plaintiff still cannot identify a single defendant-specific act of misappropriation by any Individual Defendant. Rule 8 requires more.

Plaintiff also fails to identify any trade secret with reasonable particularity. Instead, it relies on broad categories - customer lists, pricing, templates, and business strategies - without identifying any specific document, dataset, or information actually transmitted to any Individual Defendant. That deficiency independently warrants dismissal.

Plaintiff's most recent submission only reinforces this defect. Even after being directed to provide the basis for its allegations, Plaintiff identifies only publicly available materials and invites the Court to infer misconduct, without alleging any communication, transmission, or agreement linking any Individual Defendant to the alleged trade secrets. That is not factual pleading; it is speculation.

## III. PLAINTIFF'S CES EXHIBIT PROVES ONLY FORMATION OF AN LLC, NOT MARK'S EMPLOYMENT OR MISAPPROPRIATION.

Plaintiff attached a Department of State printout showing only that Client Exam Services LLC was formed on March 16, 2023. That exhibit proves nothing more than the existence and filing date of an entity. It does not show that Mark Purificati worked for CES, received any WatchDog trade secret through CES, communicated with CES about WatchDog materials, or performed any act of misappropriation through CES.

That omission matters because Plaintiff repeatedly strings together CES, IME Legal Reps, and Direct as if the mere appearance of new entity names solves its pleading problem. It does not. A DOS printout is not a trade-secret transmission, not a communication, not a payment record, and not evidence of employment. Plaintiff still pleads no concrete, defendant-specific facts tying Purificati to misappropriation through CES.

The existence of an entity is not evidence of misappropriation. Plaintiff still pleads no concrete, defendant-specific facts tying Purificati to any alleged misconduct through CES.

## IV. PLAINTIFF'S STATUTE-OF-LIMITATIONS THEORY FAILS ON ITS OWN TERMS.

The DTSA provides that a continuing misappropriation constitutes a single claim. Plaintiff's opposition says this case is about the "very same trade secrets" misappropriated in EDNY and later used by Defendants through CES, IME Legal Reps, and Direct. That is a textbook continuing-misappropriation theory: the same trade secrets, allegedly flowing from the same original source chain, later used by additional actors. Plaintiff cannot convert that into a fresh accrual every time it alleges later use or a later LLC name.

Plaintiff tries to escape the single-claim rule by calling later acts "subsequent and independent misappropriation by different entities and actors." But Plaintiff's own theory defeats that label. Plaintiff is not alleging that CES or Direct independently stole a different trade secret from WatchDog. It is alleging that they later received and used the same information that Safa and Vito allegedly stole earlier. That is precisely the sort of continuing-misappropriation theory that the DTSA treats as one claim.

Plaintiff's CES exhibit does not solve accrual. It proves only that an LLC was formed in 2023. It does not explain why Plaintiff - after years of subpoenas and contempt-related motion practice aimed at these same individuals - could not, through reasonable diligence, have discovered the alleged downstream involvement of these actors well before filing this complaint on December 10, 2025.

Plaintiff's theory is therefore internally inconsistent: it depends on continuity to establish liability, but disclaims continuity to avoid the statute of limitations. The DTSA does not permit that contradiction.

## V. PLAINTIFF'S PROCEDURAL AND FACTUAL ATTACKS MISSTATE THE RECORD.

Plaintiff's procedural attack on the stay request is misleading. Plaintiff says Defendants provided "no proof" that they sought to meet and confer in December 2025 and failed to follow up. That is incorrect. On December 26, 2025, Purificati emailed both plaintiff firms requesting a meet-and-confer regarding discovery scope, sequencing, and anticipated forensic imaging, and proposed specific times. On January 26, 2026, Purificati again emailed plaintiff's counsel confirming that Defendants were available to meet and confer in good faith and proposing three additional time slots. Plaintiff may argue those efforts were insufficient or addressed different issues, but that does not permit Plaintiff to tell the Court there was "no proof" of outreach and no follow-up.

Plaintiff also misstates the SDNY docket. Plaintiff asserts that Purificati appeared "pro se on January 12, 2026 together with Safa and Vito" and uses that to dramatize a coordinated role. But the docket shows no such thing. January 12 reflects motion-related docket activity only: Dkt. 16 was a letter, and Dkts. 17 and 18 were the Motion to Dismiss and Motion to Stay, all filed on January 10 and entered on January 12. There is no hearing minute entry, no appearance entry, and no docket notation reflecting any joint pro se appearance by Purificati with Safa and Vito on January 12.

Plaintiff's characterization is therefore not a reasonable inference from the record, but a misstatement of it. Rule 8 requires facts, not narrative reconstruction.

## VI. THE ANCILLARY COUNTS STILL FAIL, AND PLAINTIFF'S OPPOSITION CONFIRMS THIS IS DISCOVERY-FIRST PLEADING.

The standalone "Injunctive Relief" count should still be dismissed because injunctive relief is a remedy, not an independent cause of action. See *Catalano v. BMW of N. Am., LLC*, 167 F. Supp. 3d 540, 563 (S.D.N.Y. 2016). The civil-conspiracy count remains defective because Plaintiff still pleads no nonconclusory facts showing an agreement among these Individual Defendants, when any such agreement was made, or what overt act each Individual Defendant took in furtherance of it. And to the extent Plaintiff purports to plead conspiracy as a standalone tort, New York law does not permit that. See *Kirch v. Liberty Media Corp.*, 449 F.3d 388, 401 (2d Cir. 2006).

The unjust-enrichment and conversion counts likewise remain duplicative and inadequately pleaded because Plaintiff still does not identify a direct benefit conferred by WatchDog on each Individual Defendant, or a discrete item of property wrongfully dominated by each defendant. The complaint's own language confirms the larger point: Plaintiff expressly seeks forensic inspection of personal devices and accounts to "determine the exact nature and extent" of alleged misappropriation. Plaintiff's opposition does not walk that back. It argues that discovery should proceed because communications and payments relating to IME observer work, and communications with Safa and Vito, are "critical to obtain."

That is not a permissible use of discovery. A plaintiff must plead a claim before obtaining discovery, not use discovery to search for one.

## CONCLUSION

Plaintiff's opposition never answers the question that matters: what did each Individual Defendant actually do? Not what Safa did. Not what Vito did. Not what Companions did. What these defendants did.

After years of subpoenas, forensic discovery, contempt applications, and related proceedings, Plaintiff still cannot identify a single defendant-specific transmission, acquisition, or use of any identified WatchDog trade secret by any Individual Defendant.

Rule 8 requires facts, not speculation. After years of litigation, Plaintiff still has none. The Complaint must be dismissed.

Dated: _March 27,_____, 2026
New York, New York

Respectfully submitted,

/s/ Mark Purificati
Mark Purificati, pro se, for the Individual Defendants

**EXHIBIT LIST**

Exhibit A - December 26, 2025 Meet-and-Confer Email

Exhibit B - January 26, 2026 Meet-and-Confer Email

Exhibit C - SDNY CM/ECF Docket Activity (January 12, 2026 Entries)

# EXHIBIT A

December 26, 2025 Meet-and-Confer Email

Attached in support of Individual Defendants' Reply

| **Subject** | Meet and Confer re Discovery Scope and Sequencing |
| --- | --- |
| **From** | Mark P <markpurifi@aol.com> |
| **To:** | jamiefelsen@mllaborlaw.com <jamiefelsen@mllaborlaw.com> |
| **Cc:** | emanuel@sagelegal.nyc <emanuel@sagelegal.nyc> |
| **Date** | Dec 26, 2025 at 2:57 PM |

Counsel,

Pursuant to Fed. R. Civ. P. 26 and Judge Broderick's Individual Rules governing discovery disputes, the Individual Defendants request a meet-and-confer regarding the scope and sequencing of discovery, including Plaintiff's anticipated requests for forensic imaging or inspection of personal devices, accounts, or cloud storage.

Given the pending Motion to Dismiss and the issues raised therein, Defendants believe it would be helpful to discuss whether discovery should proceed at this stage and, if so, what discovery Plaintiff believes exists and is proportional.

We are available to meet on February 11, 2026, at any of the following times (ET):

• 1:00 p.m. – 1:30 p.m.

• 2:00 p.m. – 2:30 p.m.

• 3:00 p.m. – 3:30 p.m.

Please let us know which time works for you.

We appreciate your cooperation and look forward to discussing this in good faith.

Best regards,

Mark Purificati

# EXHIBIT B

January 26, 2026 Meet-and-Confer Email

Attached in support of Individual Defendants' Reply

| Subject | Re: Activity in Case 1:25-cv-10218-VSB-RFT IME WatchDog, Inc. v. Beiben et al Order on Motion to Stay |
|---------|---|
| From | Mark P <markpurifi@aol.com> |
| To: | Emanuel Kataev <emanuel@sagelegal.nyc> |
| Date | Jan 26 at 10:53 AM |

Counsel,

Thank you for your email. Defendants are available to meet and confer in good faith as directed by the Court.

At this time, Defendants have not reached any agreement or position regarding whether this action should proceed in the Southern District of New York, be transferred to the Eastern District of New York, or be consolidated with the related EDNY matter. We are willing to discuss Plaintiff's position regarding venue or transfer during the meet-and-confer.

Nothing in this correspondence is intended to waive any rights, defenses, or arguments, including those related to venue, transfer, or any pending motions.

We are available on

• Thursday, January 29 from 2:00–3:00 PM ET
• Friday, January 30 from 10:00–11:00 AM ET
• Friday, January 30 from 2:00–3:00 PM ET

Please confirm a time and provide dial-in details.

Best regards,
Mark Purificati
Pro Se Defendant


Show trimmed content

# EXHIBIT C

SDNY CM/ECF Docket Activity (January 12, 2026 Entries)

Attached in support of Individual Defendants' Reply

**Query    Reports    Utilities    Help    Log Out**

**1:25-cv-10218-VSB-RFT** IME WatchDog, Inc. v. Beiben et al
Vernon S. Broderick, presiding
Robyn F. Tarnofsky, referral
**Date filed:** 12/10/2025
**Date of last filing:** 03/13/2026

# History

| Doc. No. | Dates | | Description |
|---|---|---|---|
| 40 | *Filed & Entered:* | 03/13/2026 | Memorandum of Law in Opposition to Motion |
| 41 | *Filed & Entered:* | 03/13/2026 | Declaration in Opposition to Motion |
| | *Filed & Entered:* | 03/10/2026 | Set/Reset Deadlines |
| 39 | *Filed & Entered:* | 03/10/2026 | Order on Motion for Extension of Time to File |
| 38 | *Filed & Entered:* *Terminated:* | 03/09/2026 03/10/2026 | Motion for Extension of Time to File |
| 37 | *Filed & Entered:* | 03/06/2026 | Status Report |
| 36 | *Filed & Entered:* | 02/27/2026 | Order |
| 34 | *Filed & Entered:* | 02/26/2026 | Exhibit List |
| 35 | *Filed & Entered:* | 02/26/2026 | Witness List |
| 33 | *Filed & Entered:* | 02/24/2026 | Amended Order Referring Case to Magistrate Judge |
| 31 | *Filed & Entered:* | 02/20/2026 | Notice of Appearance |
| 32 | *Filed & Entered:* | 02/20/2026 | Motion to Dismiss |
| 29 | *Filed & Entered:* | 02/13/2026 | Status Report |
| 30 | *Filed & Entered:* | 02/13/2026 | Notice (Other) |
| 28 | *Filed & Entered:* | 01/30/2026 | Order |
| 25 | *Filed & Entered:* | 01/27/2026 | Order on Motion for Extension of Time |
| 26 | *Filed & Entered:* | 01/27/2026 | Memo Endorsement |
| | *Filed:* *Entered:* | 01/26/2026 01/27/2026 | Set/Reset Deadlines |
| 27 | *Filed:* *Entered:* | 01/23/2026 01/27/2026 | Letter |
| 24 | *Filed:* *Entered:* *Terminated:* | 01/20/2026 01/23/2026 01/27/2026 | Motion for Extension of Time |
| | *Filed & Entered:* | 01/16/2026 | Mail Order by USPS |
| | *Filed & Entered:* | 01/13/2026 | Set/Reset Deadlines |
| 22 | *Filed & Entered:* | 01/13/2026 | Order on Motion to Stay |
| 23 | *Filed & Entered:* | 01/13/2026 | Declaration |
| 16 | *Filed:* *Entered:* | 01/10/2026 01/12/2026 | Letter |

| 17 | *Filed:* 01/10/2026 *Entered:* 01/12/2026 | Motion to Dismiss |
|----|---|---|
| 18 | *Filed:* 01/10/2026 *Entered:* 01/12/2026 | Motion to Stay |
| 19 | *Filed:* 01/10/2026 *Entered:* 01/12/2026 | Certificate of Service Other |
| 15 | *Filed & Entered:* 01/09/2026 | Order |
| 14 | *Filed & Entered:* 12/28/2025 | Summons Returned Executed |
| 20 | *Filed:* 12/22/2025 *Entered:* 01/12/2026 *Terminated:* 01/13/2026 | Motion to Stay |
| 21 | *Filed:* 12/22/2025 *Entered:* 01/12/2026 *Terminated:* 01/13/2026 | Motion to Dismiss |
| 13 | *Filed & Entered:* 12/19/2025 | Summons Returned Executed |
| 12 | *Filed & Entered:* 12/17/2025 | Order Referring Case to Magistrate Judge |
| 7 | *Filed & Entered:* 12/16/2025 | Summons Returned Executed |
| 8 | *Filed & Entered:* 12/16/2025 | Summons Returned Executed |
| 9 | *Filed & Entered:* 12/16/2025 | Summons Returned Executed |
| 10 | *Filed & Entered:* 12/16/2025 | Summons Returned Executed |
| 11 | *Filed & Entered:* 12/16/2025 | Summons Returned Executed |
| 6 | *Filed & Entered:* 12/12/2025 | Summons Issued |
|   | *Filed & Entered:* 12/11/2025 | Case Opening Initial Assignment Notice |
|   | *Filed & Entered:* 12/11/2025 | Case Designation |
|   | *Filed & Entered:* 12/11/2025 | Case Designated ECF |
|   | *Filed & Entered:* 12/11/2025 | Notice to Attorney Regarding Deficient Request for Issuance of Summons |
| 5 | *Filed & Entered:* 12/11/2025 | Request for Issuance of Summons |
| 1 | *Filed & Entered:* 12/10/2025 | Complaint |
| 2 | *Filed & Entered:* 12/10/2025 | Civil Cover Sheet |
| 3 | *Filed & Entered:* 12/10/2025 | Request for Issuance of Summons |
| 4 | *Filed & Entered:* 12/10/2025 | Notice of Appearance |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 03/19/2026 15:48:05 | | | |
| **PACER Login:** | Florida1994 | **Client Code:** | |
| **Description:** | History/Documents | **Search Criteria:** | 1:25-cv-10218-VSB-RFT |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |